| | |
|---|---|
| 1 | THOMAS P. O'BRIEN |
| | United States Attorney |
| 2 | CHRISTINE C. EWELL |
| | Assistant United States Attorney |
| 3 | Chief, Criminal Division |
| | STEVEN R. WELK |
| 4 | Assistant United States Attorney |
| | Chief, Asset Forfeiture Section |
| 5 | VICTOR A. RODGERS |
| | California Bar No. 101281 |
| 6 | Assistant United States Attorney |
| | Asset Forfeiture Section |
| 7 |     Federal Courthouse, 14th Floor |
| |     312 North Spring Street |
| 8 |     Los Angeles, California 90012 |
| |     Telephone:  (213) 894-2569 |
| 9 |     Facsimile:  (213) 894-7177 |
| |     E-mail: Victor.Rodgers@usdoj.gov |
| 10 | |

MD JS-6

**FILED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 1:08-cv-00366
Assigned To : Sullivan, Emmet G.
Assign. Date : 2/29/2008
Description: General Civil

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CV 07-7194 GW(JCx) |
| | ) | |
| Plaintiff, | ) | ORDER VACATING FEBRUARY 21, |
| | ) | 2008 SCHEDULING CONFERENCE AND |
| v. | ) | TRANSFERRING THIS ACTION TO |
| | ) | UNITED STATES DISTRICT COURT |
| $599,985.00 IN U.S. | ) | FOR THE DISTRICT OF COLUMBIA |
| CURRENCY, $318,655.30 IN | ) | |
| BANK FUNDS SEIZED FROM TWO | ) | |
| BANK OF AMERICA ACCOUNTS | ) | |
| AND ONE 2007 ROLLS ROYCE | ) | |
| PHANTOM, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ZHENLI YE GON, | ) | |
| | ) | |
| Claimant. | ) | |
| _____ | ) | |

1 4 FEB 2008

I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0135

#1
USDC

1    Pursuant to the stipulation and request of the parties, and

2    good cause appearing therefor, IT IS HEREBY ORDERED that:

3        1.    The Scheduling Conference presently set for February 21,

4    2008 at 8:30 a.m. is vacated and taken off calendar; and

5        2.    This action is transferred to the United States District

6    Court for the District of Columbia.  The Clerk of this Court is

7    authorized to transfer all the pleadings and papers filed in this

8    action to the Clerk of the United States District Court for the

9    District of Columbia.

10   DATED: February 12, 2008

                                    _____
11                                  THE HONORABLE GEORGE H. WU
                                    United States District Judge
12

13   Presented by:

14   THOMAS P. O'BRIEN
     United States Attorney
15   CHRISTINE C. EWELL
     Assistant United States Attorney
16   Chief, Criminal Division
     STEVEN R. WELK
17   Assistant United States Attorney
     Chief, Asset Forfeiture Section
18

19
     _____
20   VICTOR A. RODGERS
     Assistant United States Attorney
21
     Attorneys for Plaintiff
22   UNITED STATES OF AMERICA

23
     MARTIN McMAHON & ASSOCIATES
24

25
     _____
26   LISA D. ANGELO

27   Attorneys for Claimant
     ZHENLI YE GON
28

1 4 FEB 2008

I hereby attest and certify on _____
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

0135

1



**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

February 14, 2008

Nancy Mayer-Whittington, Clerk, United District Court
United States District Court, District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Re:  Transfer of our Civil Case No.  07-CV-07194-GW(JCx)

Case Title:  USA v $599,985.00 in U.S. Currency, et al

Dear Sir/Madam:

    An order having been made transferring the above-numbered case to your district, we are
transmitting herewith our entire original file in the action, together with certified copies of the order and
the docket.  Please acknowledge receipt of same and indicate below the case number you have assigned
to this matter on the enclosed copy of this letter and return it to our office.  Thank you for your
cooperation.

Very truly yours,
**SHERRI R. CARTER**
Clerk, U.S. District Court

By  Sharon Hall-Brown
Deputy Clerk

cc:   All counsel of record

========================================================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case
number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-22 (01/01)                    **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

(JCx), CLOSED, DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:07-cv-07194-GW-JC

| | |
|---|---|
| United States of America v. $599,985.00 in U.S. Currency et al | Date Filed: 11/02/2007 |
| Assigned to: Judge George H Wu | Date Terminated: 02/12/2008 |
| Referred to: Magistrate Judge Jacqueline Chooljian | Jury Demand: None |
| Related Case: 2:08-cv-00576-GW-JC | Nature of Suit: 625 Drug Related Seizure of Property |
| Cause: 21:881 Forfeiture Property-Drugs | Jurisdiction: U.S. Government Plaintiff |

**Plaintiff**

**United States of America**          represented by   **Victor Augustus Rodgers, Jr**
AUSA - Office of US Attorney
Asset Forfeiture Division
312 N Spring St, 14th Fl
Los Angeles, CA 90012
213-894-2569
Email: USACAC.Criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**$599,985.00 in U.S. Currency**

**Defendant**

**$318,655.30 in Bank Funds Seized
from Two Bank of America Accounts**

**Defendant**

**One 2007 Rolls Royce Phantom**

**Claimant**

**Zhenli Ye Gon**          represented by   **Lisa D Angelo**
Martin McMahon & Associates
1150 Conneticut Ave NW
Suite 900
Washington, DC 20036
202-867-4343
Email:
langelo@martinmcmahonlaw.com

I hereby attest and certify on 1 4 FEB 2008
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
By_____Deputy

0135

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2007 | 1 | COMPLAINT against defendants $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds Seized from Two Bank of America Accounts, One 2007 Rolls Royce Phantom.(No fee required), filed by plaintiff United States of America.(rrey) (Entered: 11/09/2007) |
| 11/02/2007 | | FAX number for Attorney Victor Augustus Rodgers, Jr is 213-894-7177. (rrey) (Entered: 11/09/2007) |
| 11/16/2007 | 2 | STANDING ORDER RE FINAL PRE-TRIAL CONFERENCE FOR CIVIL JURY TRIALS BEFORE JUDGE GEORGE H WU: (1) You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth Local Rules) 16-1 through 16-15 regarding pre-trial requirements. (2) At least twenty-one )21) days prior to the Final Pre-Trial Conference (henceforth FPTC), counsel for each party and pro per litigants must have prepared and exchanged with each other the following documents. (See order for further details). (shb) (Entered: 11/19/2007) |
| 12/06/2007 | 3 | NOTICE of Related Case(s) filed by Claimant Zhenli Ye Gon. Related Case(s): USDC, District of Columbia, case numbers 07-cr-181 (EGS) and 07-cv-1512 (EGS) (rn) (Entered: 12/06/2007) |
| 12/06/2007 | 11 | NOTICE of Appearance filed by attorney Lisa D Angelo on behalf of Claimant Zhenli Ye Gon. (et) (Entered: 01/16/2008) |
| 12/10/2007 | 4 | Counter-Statement in response to filed by Plaintiff United States of America re: Notice of Related Case(s)[3]. (bp) (Entered: 12/12/2007) |
| 12/17/2007 | 5 | PROCESS RECEIPT AND RETURN (USM-285) complaint/notice/warrant(Discovery)[1] upon $599,985.00 in U.S. Currency served on 11/21/2007, answer due 12/11/2007; $318,655.30 in Bank Funds Seized from Two Bank of America Accounts served on 11/21/2007, answer due 12/11/2007; Seized $499,985.00 ; 07-DEA-482646, $100,000.00; 07-DEA-484278, $273,606.89; 07-DEA-486974 AND 45,048.41; 07-DEA-486979 AS CV07-7194 ON 11/21/2007 (pj) (Entered: 12/18/2007) |
| 12/24/2007 | 6 | VERIFIED STATEMENT OF ZHENLI YE GON'S INTEREST IN THE DEFENDANT PROPERTIES filed by Claimant Zhenli Ye Gon. (pj) (Entered: 12/28/2007) |
| 12/24/2007 | 7 | ANSWER to Complaint - (Discovery)[1] filed by Claimant Zhenli Ye Gon.(pj) (Entered: 12/28/2007) |
| 12/24/2007 | 10 | Notice of Withdrawal of Notice of related case filed by claimant Zhenli Ye Gon. (pj) (Entered: 01/14/2008) |

| 12/28/2007 | 8 | MINUTES OF IN CHAMBERS ORDER by Judge George H Wu: On the Court's own motion, a Scheduling Conference is set for 2/21/2008 at 08:30 AM before Judge George H Wu. Counsel are reminded of their obligations to disclose information, confer on a discovery plan, and report to the Court, as required by FRCP 26 and the Local Rules of this Court. Trial counsel are ordered to be present. A Joint 26(f) Report shall be filed with the Court not later than 2/7/2008. Plaintiff's counsel is directed to give notice of the Scheduling Conference to all parties that have appeared in this action, and is directed to give notice of the Scheduling Conference immediately to each part that makes an initial appearance in the action after this date. (rj) (Entered: 12/28/2007) |
| 01/02/2008 | 9 | PROCESS RECEIPT AND RETURN (USM-285) of summons and Complaint - (Discovery)[1] upon One 2007 Rolls Royce Phantom served on 12/11/2007, answer due 12/31/2007, served by personal service, by Federal statute, upon Dennis Timmins. (shb) (Entered: 01/04/2008) |
| 02/05/2008 | 13 | PROCESS RECEIPT AND RETURN (USM-285) returned executed upon $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds Seized from Two Bank of America Accounts on 1/30/2008. Remarks: Publication: Published on Following dates 1/10/2008, 1/17/08, 1/24/2008. (pj) (Entered: 02/08/2008) |
| 02/05/2008 | 14 | SERVICE by Publication filed by plaintiff United States of America. Dates of publication are: 1/10/08, 1/17/08, 1/24/08. (pj) (Entered: 02/08/2008) |
| 02/07/2008 | 12 | STIPULATION to Vacate Minutes of In Chambers Order/Directive - no proceeding held,,, Set Hearings,, 8 *Stipulation and Request to Vacate February 21, 2008 Scheduling conference and Transfer Action to United States District Court for the District of Columbia* filed by Plaintiff United States of America. (Attachments: # 1 Exhibit Indictment# 2 Exhibit Indictment# 3 Exhibit Civil Complaint# 4 Proposed Order Proposed Order Vacating February 21, 2008 Scheduling Conference and Transferring Action to United States District Court for the District of Columbia)(Rodgers, Victor) (Entered: 02/07/2008) |
| 02/12/2008 | 15 | ORDER by Judge George H Wu vacating February 21, 2008 Scheduling Conference and transferring case to District of Columbia. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (shb) (Entered: 02/14/2008) |
| 02/14/2008 | 16 | TRANSMITTAL of documents: Certified copy of transfer order, entire case file, transmittal letter, certified copy of docket sent to U.S. District Court, District of Columbia. (shb) (Entered: 02/14/2008) |

1 4 FEB 2008

I hereby attest and certify on _____ that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

By _____ Deputy

PACER Service Center
Transaction Receipt

0135

E 08-366 EGS

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

USA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)** ATT

## DEFENDANTS

$599,985.00 IN US CURRENCY, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00366
Assigned To : Sullivan, Emmet G.
Assign. Date : 2/29/2008
Description: General Civil

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- (x) 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSH

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### (x) E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- (x) 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— o —

| ☐ G. Habeas Corpus/ 2255 | ☐ H. Employment Discrimination | ☐ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. Labor/ERISA (non-employment) | ☐ L. Other Civil Rights (non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ⊗ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 USC 881 Forfeiture of ~~the~~ Property - Drugs

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES ⊗ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☐ NO    If yes, please complete related case form.

DATE 2.29.08    SIGNATURE OF ATTORNEY OF RECORD    NCO

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA


_UNITED STATES OF AMERICA_

v.                                                         Civil Action No.   **08  0366**

                                                                        **FEB 29 2008**
_$577,985.00, ET AL_


The above entitled action, transferred from the U.S. District Court for the _CENTRAL_ _DISTRICT OF CALIFORNIA_, has been received and filed. It was assigned to Judge _SULLIVAN, (EGS)_ Any subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK


By _____
   Deputy Clerk


cc: _VICTOR A. RODGERS, JR._
    _LISA D. ANGELO (FOR CLAIMANT)_


**\*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia**

1 | THOMAS P. O'BRIEN
United States Attorney
2 | CHRISTINE C. EWELL
Assistant United States Attorney
3 | Chief, Criminal Division
STEVEN R. WELK
4 | Assistant United States Attorney
Chief, Asset Forfeiture Section
5 | VICTOR A. RODGERS
California Bar No. 101281
6 | Assistant United States Attorney
Asset Forfeiture Section
7 |       Federal Courthouse, 14ᵗʰ Floor
       312 North Spring Street
8 |       Los Angeles, California 90012
       Telephone:  (213) 894-2569
9 |       Facsimile:  (213) 894-7177
       E-mail: Victor.Rodgers@usdoj.gov
10 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

11

12 |                  UNITED STATES DISTRICT COURT

13 |            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 |                       WESTERN DIVISION

15 | UNITED STATES OF AMERICA,    )    No. CV07-07194 GW(JCx)
                                 )
16 |          Plaintiff,          )    COMPLAINT FOR FORFEITURE
                                 )
17 |          v.                  )    18 U.S.C. §§ 981(a)(1)(A) &
                                 )    (C), 984 and 21 U.S.C.
18 | $599,985.00 IN U.S.          )    § 881(a)(6)
CURRENCY, $318,655.30 IN         )
19 | BANK FUNDS SEIZED FROM TWO   )
BANK OF AMERICA ACCOUNTS         )
20 | AND ONE 2007 ROLLS ROYCE     )    [D.E.A.]
PHANTOM,                         )
21 |                             )
          Defendants.            )
22 | _____ )

23

24

25 |      Plaintiff United States of America brings this action against

26 | defendants $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds

27 | Seized From Two Bank of America Accounts and One 2007 Rolls Royce

28 | Phantom (collectively, the "defendants") and al



DOCKETED ON CM

NOV - 9 2007

BY _____   019

JURISDICTION AND VENUE

1.    The government brings this in rem forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C), 984 and 21 U.S.C. § 881(a)(6).

2.    This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3.    Venue lies in this district pursuant to 28 U.S.C. § 1395.

PERSONS AND ENTITIES

4.    The plaintiff in this action is the United States of America.

5.    The defendants are:

        a.    $599,985.00 in United States currency (the "defendant currency"), consisting of (1) $499,985.00 seized on or about April 17, 2007 at Wells Fargo Bank, 333 South Grand Avenue, Los Angeles, California, when Yihui Zhou withdrew those funds from a Wells Fargo bank account number ending in 2832,[1] then paid those funds to the government via a cashier's check dated April 17, 2007 payable to the United States Marshals Service; and (2) $100,000.00 seized on or about May 22, 2007 from 3303 Del Mar Avenue, Suite B, Rosemead, California, when Hui Jun He withdrew those funds from an Evertrust bank account number ending in 48, then paid those funds to the government via a cashier's check drawn payable to the United States Marshals Service.

        b.    $318,655.30 in bank account funds (the "defendant bank funds") seized from two Bank of America accounts on or about

---

[1]Pursuant to Local Rule 79-5.4, the street addresses of personal residences and full account numbers of bank accounts have been omitted from this Complaint.

2

1  June 18, 2007 pursuant to California state seizure warrants.  The
2  defendant bank funds consist of $273,606.89 seized from a Bank of
3  America ("BofA") account number ending in 1786 in the name of
4  Zhenli Ye Gon ("BofA Account Number 1") and $45,048.41 from a BofA
5  Account number ending in 1796 in the name of Zhenli Ye Gon ("BofA
6  Account Number 2").  BofA Account Numbers 1 and 2 are referred to
7  collectively as the "Bank Accounts."  The defendant bank funds were
8  seized from Bank of America, 500 Newport Center Drive, Newport
9  Beach, California.

10          c.    One 2007 Rolls Royce Phantom (the "defendant
11  vehicle"), Vehicle Identification Number SCA1S68517UX08432,
12  registered to Yihui Zhou and seized on or about April 6, 2007 at
13  the service center for Newport European Motorcars Ltd, 720 West
14  17th Street, Costa Mesa, California.

15      6.    The defendants were seized by the Drug Enforcement
16  Administration ("DEA"), are currently in the custody of the United
17  States Marshals Service in this district, and shall remain subject
18  to this Court's jurisdiction during the pendency of this action.

19      7.    The interests of Zhenli Ye Gon ("Ye Gon"), Yihui Zhou
20  (also known as Alicia Zhou) and Hui Jun He may be adversely
21  affected by these proceedings.

22                          BASIS FOR FORFEITURE

23  Initiation of Investigation Against Ye Gon and his company

24      8.    In approximately March 2006, the DEA in Mexico City and
25  the Mexican Attorney General's Organized Crime Unit commenced an
26  investigation into the drug trafficking activities of a Mexico
27  City-based company named Unimed Pharmechem Mexico, SA DE CV, also
28  known as Unimed Pharmaceutical and Fine Chemical Company

                                3

1 ("Unimed"), and its owner Zhenli Ye Gon.  The investigation
2 revealed that Unimed was involved in importing and distributing
3 precursor chemicals, including pseudoephedrine.  Pseudoephedrine
4 and ephedrine are commonly used in cold and allergy medications,
5 but are also List I chemicals that can be used to manufacture the
6 illegal controlled substance methamphetamine.  Methamphetamine is
7 unlawful to distribute or sell under Mexican and United States law.
8 Unimed's December 2005 to December 2006 Illegal Importation Of
9 Narcotics Into Mexico

10      9.    Law enforcement officers determined that Unimed had
11 imported into Mexico at the port of Mazanillo, Colima, Mexico
12 approximately forty nine metric tons of a substance the company
13 identified in shipping documents as "methylacrylamide" and
14 "N-Methyl-Acetylamino," including about 20 metric tons on December
15 12, 2005 and 29.4 metric tons on January 6, 2006.  In addition,
16 officers determined that Unimed had imported approximately 37.485
17 metric tons of "Hydro-Benzyl-N-Methyl-Acetehamine" into Mexico on
18 both August 28 and September 2, 2006.  According to the importation
19 documents, Unimed paid $444,425.25 for the four shipments,
20 including $110,000.00 for the first shipment, $147,000.25 for the
21 second shipment, $90,000.00 for the third shipment and $97,425.00
22 for the fourth shipment.

23      10.   Unimed failed to describe any specific use for the "N-
24 Methyl-Acetylamino" and "Hydro-Benzyl-N-Methyl-Acetehamine"
25 identified in the entry documents submitted to Mexican Customs.
26 Instead, Unimed identified those chemicals as intermediate
27 pharmaceutical chemicals used to manufacture analgesic products.
28 The government has determined that there are no known chemicals

1 named "N-Methyl-Acetylamino" or "Hydro-Benzyl-N-Methyl-
2 Acetehamine."  However, "N-Acetylpseudoephedrine" is a chemical
3 that can readily be converted into pseudoephedrine/ephedrine
4 through a chemical process.  Because it is illegal under Mexican
5 federal health and chemical precursor laws to import N-
6 Acetylpseudoephedrine into Mexico, the shipments were intentionally
7 mislabeled to conceal Unimed's importation of that chemical.

8      11.  A routine sampling of the imported chemical substance
9 revealed the presence of ephedrine.  Further testing performed by a
10 crime laboratory showed that the ephedrine substance was N-
11 Acetylpseudoephedrine Acetate, which can be converted into
12 pseudoephedrine through a chemical process at a ratio of
13 approximately 1.0 to 0.6 (i.e., one pound of N-
14 Acetylpseudoephedrine will yield 0.6 pounds of pure ephedrine).

15      12.  Accordingly, the approximately 87 metric tons of N-
16 Acetylpseudoephedrine imported by Unimed amounts to 87,000
17 kilograms which, at a 1.0 to 0.6 conversion ratio, would convert
18 into about 52,240 kilograms of pure ephedrine.  As the black market
19 price in Mexico for one kilogram of pseudoephedrine/ephedrine is
20 approximately $3,200.00 to $4,000.00, the substances imported by
21 Unimed would be worth approximately $167,169,520.00 on the Mexican
22 black market.  In addition, because the price for a kilogram of
23 methamphetamine in the United States is $17,600.00 to $22,000.00
24 per kilogram, the sale of methamphetamine produced from the
25 converted chemicals in the United States would have resulted in
26 significant monetary gains.

27      13.  On or about December 5, 2006, Unimed attempted to import
28 19.797 metric tons of a substance identified in the importation

1  documents as "Hydro-Benzyl-N-Methyl-Acetehamine," but that shipment
2  was flagged for inspection by Mexican Customs at the Pacific Coast
3  seaport of Lazaro Cardenas, Michoacan, Mexico.  As with the earlier
4  shipments, the inspection revealed that ephedrine was present in
5  the shipped substances.  Through further testing, the Mexican
6  Customs' Central Laboratory identified the substance as the
7  ephedrine derivative N-Acetylpseudoephedrine.

8  March 2007 Execution of Search Warrants In Mexico

9       14.   On or about March 15, 2007, law enforcement officers
10 executed federal search warrants issued by the Mexican federal
11 court on Yu Gon's Mexico City, Mexico residence, Unimed's Mexico
12 City, Mexico corporate headquarters and Unimed's Toluca, Mexico
13 pharmaceutical plant.  Officers seized from Ye Gon's residence
14 $205,564,763.00 in United States currency and foreign currency
15 worth approximately $2,000,000.00 in United States dollars.  The
16 seized items were hidden in various compartments, false walls,
17 suitcases and closets.  It is common for drug traffickers to
18 routinely collect large amounts of bulk cash from their illicit
19 activity and store it while the money is slowly introduced and
20 laundered into the legitimate market.

21      15.   Law enforcement officers seized from Unimed's corporate
22 headquarters an additional $111,000.00 in United States Currency,
23 and documents regarding bank accounts in the United States, China,
24 Hong Kong and Switzerland.  In addition, officers seized receipts
25 for designer jewelry and luxury items worth several hundreds of
26 thousands of dollars, documents from various Las Vegas casinos,
27 including player's card identifications and business cards, and
28 / / /

1 | documents reflecting purchases from designer stores within the Las
2 | Vegas casinos.

3 |    16.  While searching Unimed's corporate headquarters, officers
4 | also seized wire transfer confirmation pages from casas de cambio
5 | showing the transfer of funds to banks throughout the United States
6 | and Europe.  Casas de cambio are Mexican money exchange houses
7 | which can be used legitimately to convert currencies or wire money
8 | domestically and internationally.  However, casas de cambio are
9 | also widely used by drug trafficking organizations in Mexico and
10 | South America to insert illegal drug proceeds into legitimate
11 | financial systems, in an attempt to disguise the illegal origin of
12 | the money and launder the funds.  According to the seized
13 | documents, Ye Gon or persons on his behalf provided money to the
14 | casas de cambio in United States dollars not for purposes of
15 | exchanging it for other currencies, but to wire the funds to bank
16 | accounts in the United States and Europe.

17 |    17.  During the search of Unimed's corporate headquarters,
18 | officers found a handwritten note that was signed "Amigos,"
19 | contained a cellular telephone number and was in code.  It is
20 | common for drug traffickers to use code words in an effort to
21 | disguise their illegal activity from law enforcement.  The note,
22 | which was written in Spanish, provided:

23 |        Zhenli, I hope that you are fine, due to the detention of
24 |        the flour, my associates and I had some problems and had
25 |        to spend the three books you provided us.  I am fine now
26 |        and have contact with customs.  Call me to work.
27 | The author of the note used the code word "flour" to describe the
28 | N-Acetylpseudoephedrine seized during December 2006, the word

1  "books" to refer to the money Zhenli Ye Gon provided to the author
2  and his or her associates and the phrase having "contact with
3  customs" to refer likely to a corrupt Customs official assisting in
4  Ye Gon's illegal importation.

5      18.   Officers also seized jewelry and luxury vehicles
6  purchased for or by Ye Gon during the March 2007 execution of the
7  warrants, including some items which had corresponding receipts
8  reflecting their purchase from United States stores with United
9  States currency.   In addition, officers seized seven weapons,
10  including multiple handguns, a fully automatic AK-47 assault rifle
11  and multiple boxes of ammunition.

12      19.   On April 26, 2007, officers and DEA forensic chemists
13  traveled to Unimed's Toluca, Mexico pharmaceutical manufacturing
14  plant and obtained samples of chemical residue from the
15  manufacturing equipment and other areas.   As a result of their
16  testing, the chemists determined that ephedrine was present in the
17  samples, indicating that Unimed's plant had been used to produce
18  pseudoephedrine/ephedrine using N-Acetyl derivative material as the
19  starting material.

20  Investigation of Yihui Zhou and Ultra International, Inc.

21      20.   During the March 2007 search at Ye Gon's Mexico
22  residence, officers found a state of California business permit or
23  license for Ultra International, Inc., 208 Technology Drive, Suite
24  M, Irvine, California.   Based upon further investigation, officers
25  determined that Yihui Zhou (also known as Alicia Zhou) was the
26  owner and president of Ultra International, Inc. and, according to
27  internet research, the company was purportedly engaged in
28  outsourcing activities relating to importing products manufactured

1 | in China into the United States.  In addition, officers determined
2 | that over $450,000.00 in Currency Transaction Reports ("CTRs"),
3 | which are reports that banks and other institutions must file when
4 | a party engages in a transaction in cash over a specified amount
5 | (usually $10,000.00), had been filed since 1999 under Zhou's name.
6 | Officers also obtained documents reflecting two cash wire transfers
7 | using a casa de cambio from Unimed in Mexico to an Ultra
8 | International, Inc. BofA account for $500,000.00 on January 24,
9 | 2007 and $600,000.00 on January 24, 2007.  This high level of cash
10 | transaction is often indicative of persons involved in illegal
11 | activity, such as drug trafficking and money laundering.

12 |     21.   Officers also reviewed information from Customs and
13 | Border Protection databases which reflected that Ultra
14 | International, Inc. made three shipments from California to Unimed
15 | in Mexico during 2006, and identified the products in shipping
16 | documents as water filtration systems and chandeliers, although
17 | those products did not match the business engaged in by either
18 | company.  It is common for persons involved in drug trafficking to
19 | intentionally mislabel the nature of items shipped in an attempt to
20 | conceal the true nature of their transactions from law enforcement.

21 |     22.   On March 20, 2007, officers traveled to the Irvine
22 | address for Ultra International, Inc., but found the door to the
23 | company's suite locked and no identifying information at that
24 | location.  When officers spoke with employees at the business next
25 | door, those employees provided officers with a business card
26 | reflecting Zhou's name and Ultra International, Inc.'s address, and
27 | told officers that Zhou would, on a random basis and in the
28 | afternoon or early evening, drop off packages at the business while

1 | other persons would from time to time pick up packages from the
2 | business.  It is common for drug traffickers to set up companies as
3 | a front in order to further their criminal activity.

4 |     23.  At approximately 5:15 p.m. on March 21, 2007, officers
5 | executed a state of California search warrant at Ultra
6 | International, Inc., and seized pre-printed Federal Express labels
7 | identifying Zhou as the sender and Unimed Pharm Chem Mexico Sa De,
8 | Col. Centro, Mexico, DF 06040 as the recipient.  No one was present
9 | when officers executed the warrant.  On March 22, 2007, officers
10 | spoke with a representative of the landlord for the building, who
11 | told them that Zhou had visited the representative during the
12 | morning of March 21, 2007 (i.e., before the search), requested that
13 | her lease be cancelled, then returned on March 22 with the suite
14 | key and advised the landlord representative that she (Zhou) had
15 | removed her belongings from the suite.

16 | Interviews Of Michele Wong

17 |     24.  Officers have spoken with Michele Wong, a person who
18 | formerly was romantically involved with Ye Gon.  In April 2006,
19 | Wong purchased a residence in Las Vegas, Nevada in her and her
20 | mother's names, using a down payment of approximately $300,000.00
21 | provided by Ye Gon.  On March 22, 2007, officers executed a state
22 | of Nevada search warrant on the residence.  During interviews with
23 | officers, Wong stated the following:

24 |     25.  Wong first met Ye Gon in October 2004 when she was a
25 | casino host at the Mirage Hotel and Casino in Las Vegas.  She
26 | performed host duties for Ye Gon and became personal friends with
27 | him.  Wong was fired from the Mirage Hotel in January 2005, and
28 | / / /

1 became romantically involved with Ye Gon in approximately February
2 2005. Since her firing, Wong has not had any other employment.

3     26. Ye Gon gave Wong approximately one to one and one half
4 million dollars during the course of their romantic relationship,
5 which she used to purchase jewelry, a 2007 Mercedes Benz GL 450, a
6 2007 Mercedes Benz S 550 and the Las Vegas residence. During their
7 relationship, Wong gave birth to Ye Gon's child.

8     27. Wong assisted Ye Gon in purchasing equipment, including
9 air conditioning units from York Industries and transformers from
10 MGM Corporation, for the manufacturing plant Ye Gon owns in Toluca,
11 Mexico. Ye Gon wired $500,000.00 to Wong's Citibank account to pay
12 for the equipment, and Wong arranged for the shipment of these
13 items to Ye Gon in Mexico while retaining as a commission the money
14 which remained after the equipment purchase. When Wong visited Ye
15 Gon in Mexico in April 2006, she toured Ye Gon's new Toluca, Mexico
16 pharmaceutical plant, which was then under construction.

17     28. In around May 2006, Ye Gon told Wong that a Mexican
18 organized crime group had begun blackmailing Ye Gon in Mexico in
19 March 2006. Ye Gon told Wong that the group told Ye Gon to
20 cooperate with them or else they would kill him and his family.
21 According to Ye Gon, the organized crime group wanted Ye Gon to
22 store cash at his Mexico City residence. Ye Gon stated that while
23 he was not personally involved in narcotics trafficking, the
24 persons who were storing money at his residence and threatening him
25 were so involved.

26     29. Ye Gon told Wong that the organized crime group wanted Ye
27 Gon to launder their money. Ye Gon knew the money in his home was
28 "dirty money" and the proceeds of narcotics trafficking, but he

believed he had to lauder the money because of the constant threats against him and his family.  Ye Gon also stated that the organized crime group instructed him to launder their money in Las Vegas by gambling the money at the casinos and purchasing high value items. Also, Ye Gon told Wong that the traffickers instructed him to use his bank accounts to send money to Las Vegas where he could launder it, and that the money in Ye Gon's accounts at the Venetian Hotel was drug money.  Frequently, Ye Gon would receive Push-to-talk ("PTT") calls on his Nextel cellular telephone from the traffickers who would instruct Ye Gon on how to launder the funds.

30.  When Wong purchased her Las Vegas residence in April 2006, she used approximately $300,000.00 provided by Ye Gon for the down payment, then paid off the mortgage within three months using funds supplied by Ye Gon.  (Title records from First American Title Company of Nevada reflect that Wong and her mother purchased the residence on April 24, 2006 for approximately $1,138,000.00 with a down payment of $305,108.00 and a $853,500.00 loan).

31.  Ye Gon stayed with Wong at her Las Vegas residence during his September 2006 Las Vegas trip.  He told Wong that a man named "Javier" was forcing Ye Gon to launder the money, and that all monies Ye Gon laundered after June 2006 belonged to the Mexican organized crime group.  During the September trip, Ye Gon reiterated that the funds constituted drug trafficking proceeds.

32.  When Ye Gon returned to Las Vegas in November 2006, he stayed at the Venetian Hotel and Casino.  During his stay, the Venetian permitted Ye Gon to bet a maximum of $200,000.00 per hand. Ye Gon received approximately three to five PTT calls per week from Javier and his associates, who advised Ye Gon that they had

12

deposited money into a Unimed bank account so that Ye Gon could
wire the funds to Las Vegas.  Ye Gon wired the funds into Wong's
bank account from an account in Mexico.

33.  Ye Gon stated that he had known Zhou for approximately
nine years, and that Zhou became his personal assistant and
business associate in approximately 2005, assisting Ye Gon in
running his business.  Wong overheard Ye Gon and Zhou discussing Ye
Gon's predicament in Mexico, and Wong believed that Zhou was aware
of the drug trafficking source of the money that was available to
Ye Gon.

34.  On or about March 9, 2007, Ye Gon and Zhou traveled on a
private jet supplied by the Venetian from Las Vegas to Orange
County, California.  When Wong spoke with Ye Gon by telephone on
March 15, 2007, Ye Gon told her that his wife had been arrested in
Mexico and something bad had happened.

Ye Gon's Laundering of Drug Proceeds By Gambling At Las Vegas
Casinos

35.  According to records obtained from the Venetian Hotel and
Casino, the MGM Mirage Properties (including the Bellagio, MGM,
Mirage Treasure Island and New York New York hotels) and the Wynn
Hotel and Casino, Ye Gon lost approximately $122,917,839.00
gambling in the hotels and casinos between 2004 and early 2007.
However, the records reflect that Ye Gon lost a significantly
smaller amount ($2,926,010.00) between 1997 and 2003, as follows:
1997 ($5,300.00 total loss and no gambling at Venetian); 1998
($6,500.00 total loss and no gambling at Venetian); 1999
($2,559,860.00 total loss and $4,000.00 in gambling winnings at
Venetian); 2000 ($206,350.00 total loss and $194,750.00 losses at

13

Venetian); 2001 ($148,000.00 total loss and $9,000.00 losses at
Venetian); 2002 (no gambling); and 2003 (no gambling).

36.   Between 2004 and 2007, Ye Gon's gambling activity was as
follows:

Ye Gon's gambling activity at all hotels

| Year | Loss |
| --- | --- |
| 2004 | $22,832,338.00 |
| 2005 | $22,525,301.00 |
| 2006 | $63,789,950.00 |
| 2007 | $13,770,250.00 |

Ye Gon's gambling activity at Venetian

| Year | Loss |
| --- | --- |
| 2004 | no gambling |
| 2005 | $2,119,850.00 |
| 2006 | $71,915,750.00 |
| 2007 | $13,770,250.00 |

37.   In order to obtain from the Venetian Hotel and Casino
gambling "markers," Ye Gon provided the Venetian Hotel and Casino a
BofA account number ending in 2606.   Markers are gambling credits a
gambler can use to place bets with a casino.   Should the gambler
fail to pay the marker within a reasonable time, the casino can
draw upon the funds in the bank account to obtain payment for the
debt.   Ye Gon used a number of BofA cashier checks to pay markers
provided by the Venetian, including cashier's checks between
November 6 and December 14, 2006 payable to Ye Gon and endorsed
over to the Venetian as follows: check no. 002211450 dated November
6, 2006 for $5,000,000.00; check no. 002212079 dated December 13,
2006 for $200,000.00 and purchased by Zhou; check no. 9240337712

14

1  dated December 13, 2006 for $400,000.00 and purchased by Wong;
2  check no. 002212094 dated December 14, 2006 for $1,000,000.00;
3  check no. 0022112408 dated December 14, 2006 for $500,000.00; check
4  no. 0022112409 dated December 14, 2006 for $500,000.00; and check
5  number 0022112420 dated December 14, 2006 for $500,000.00.
6  Acquisition and Seizure of The Defendant Vehicle

7      38.   Pursuant to a January 30, 2007 purchase order from the
8  Venetian, an invoice from Newport European Motorcars LTD (a car
9  dealership located at 1100 West Coast Highway in Newport Beach,
10 California), and a check dated January 30, 2007 for $398,707.99
11 payable to Newport European Motorcars LTD d.b.a. Rolls-Royce
12 Newport Beach, the Venetian Hotel and Casino purchased the
13 defendant vehicle from Newport European Motorcars LTD.  According
14 to a member of the Nevada Gaming Control Board who spoke with law
15 enforcement officers, the Venetian Hotel and Casino purchased the
16 defendant vehicle for Ye Gon as a gift due to the large amount of
17 money Ye Gon lost in the Venetian casino.  Therefore, the defendant
18 vehicle is derived from or traceable to proceeds of narcotic
19 trafficking or funds that were laundered by Ye Gon through his
20 gambling at the Venetian Hotel and Casino.

21     39.   On or about March 26, 2007, the General Manager of
22 Newport European Motorcars LTD told law enforcement officers that
23 Zhou, the registered owner of the defendant vehicle, met with the
24 General Manager at the dealership on or about March 21, 2007 (i.e.,
25 six days after the March 15, 2007 seizure in Mexico), and offered
26 to sell the vehicle to the dealership.  The General Manager agreed
27 to purchase the defendant vehicle from Zhou for $250,000.00 as soon
28 as Zhou produced papers showing that she was the vehicle's sole

owner.  According to the General Manager, Zhou authorized the
dealership to wire $250,000.00 into a bank account at East West
Bank which was in the name of neither Zhou nor Ye Gon.  On March
28, 2007, officers spoke with East West Bank and were told that
Zhou had already instructed the bank via e-mail to wire the
$250,000.00 upon receipt from the car dealership to a J.P. Morgan
bank account located in New York.

Interview of Zhou and Seizure of Defendant Currency and Defendant
Bank Funds

40.  During April 2007, officers spoke with Zhou, who told
them the following: Over the past several years, Zhou received over
one million dollars from Ye Gon.  When Zhou heard about the March
2007 seizure at Ye Gon's Mexico residence, she began moving money
from bank accounts linked to Ye Gon to accounts which were not in
either Ye Gon's or Zhou's names, in an attempt to hide those funds
from law enforcement.  Zhou wired or otherwise transferred funds
from Ye Gon-controlled bank accounts to accounts in the United
States and China.  Among other transfers, Zhou withdrew $450,000.00
from one of her accounts via check, and had a friend of hers (Hui
Jun He, who is also known as "Jackey") deposit those funds into Hui
Jun He's bank accounts at Wells Fargo and Evertrust banks.  Hui Jun
He withdrew $350,000.00 from the Evertrust account on or about
April 9, 2007 and provided that sum to officers by a cashier's
check.  As to the remaining $100,000.00 (i.e., part of the
defendant currency), Hui Jun He withdrew that sum from his
Evertrust account, then voluntarily provided the $100,000.00 to
officers on May 22, 2007 at the offices of He's representative at
/ / /

16

1  3303 Del Mar Avenue, Suite B, Rosemead, California 91770 via a
2  cashier's check payable to the United States Marshals Service.

3      41.  As to the remainder of the defendant currency (i.e.,
4  $499,985.00 in currency), Zhou told officers that she wired
5  $500,000.00 from her Wells Fargo bank account number ending in 2832
6  to her brother's bank account in China, then closed her Wells Fargo
7  account.  Zhou voluntarily had those funds returned from China and
8  redeposited into her Wells Fargo account, then withdrew the balance
9  from the account (i.e., $499,985.00) which she voluntarily provided
10 to the government by a check dated April 16, 2007 payable to the
11 United States Marshals Service from her Wells Fargo account.

12     42.  Law enforcement officers seized the defendant bank funds
13 from BofA Account Numbers 1 and 2 on or about June 18, 2007. The
14 monies were seized pursuant to a state of California warrant.

15 Federal Indictments of Ye Gon and Wong

16     43.  On or about July 26, 2007, a federal grand jury in the
17 United States District Court for the District of Columbia indicted
18 Ye Gon for conspiring to aid and abet the manufacture of five
19 kilograms or more of methamphetamine, knowing or intending that it
20 would be imported into the United States, in violation of 21 U.S.C.
21 §§ 959 and 963 and 18 U.S.C. § 2.  See United States of America v.
22 Ye Gon, Criminal Case No. 07-181 (EGS).  Wong was indicted on or
23 about August 21, 2007 by a federal grand jury in the United States
24 District Court for the District of Columbia for conspiring to
25 commit money laundering and engaging in monetary transactions in
26 property derived from specified unlawful activity, in violation of
27 18 U.S.C. §§ 1956(h), 1957 and 2.  See United States of America v.
28 Wong, Criminal Case No. 07-211 (EGS).

17

1

## FIRST CLAIM FOR RELIEF

2    44.   Plaintiff incorporates the allegations of paragraphs 1-43
3  above as though fully set forth herein.

4    45.   Based on the above, plaintiff alleges that the defendants
5  represent or are traceable to proceeds of illegal narcotics
6  trafficking or were intended to be used in one or more exchanges
7  for a controlled substance or listed chemical, in violation of 21
8  U.S.C. § 841 et seq. or 21 U.S.C. § 960 et seq.  The defendants are
9  therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).
10  In addition, to the extent the defendant currency and the monies
11  seized from the Bank Accounts are not the actual monies directly
12  traceable to the illegal activity identified herein, plaintiff
13  alleges that the defendant currency and defendant bank funds are
14  identical property found in the same account as the property
15  involved in the specified offense, rendering them subject to
16  forfeiture pursuant to 18 U.S.C. § 984(a).

17

## SECOND CLAIM FOR RELIEF

18    46.   Plaintiff incorporates the allegations of paragraphs 1-43
19  above as though fully set forth herein.

20    47.   Based on the above, plaintiff alleges that the defendants
21  constitute or are derived from proceeds traceable to a controlled
22  substance violation, a specified unlawful activity as defined in 18
23  U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D).  The defendants are
24  therefore subject to forfeiture pursuant to 18 U.S.C.
25  § 981(a)(1)(C).  In addition, to the extent that the defendant
26  currency and the monies seized from the Bank Accounts are not the
27  actual monies directly traceable to the illegal activity identified
28  herein, plaintiff alleges that the defendant currency and defendant

18

1 | bank funds are identical property found in the same account as the
2 | property involved in the specified offense, rendering them subject
3 | to forfeiture pursuant to 18 U.S.C. § 984(a).

4 | <center>THIRD CLAIM FOR RELIEF</center>

5 |     48.  Plaintiff incorporates the allegations of paragraphs 1-43
6 | above as though fully set forth herein.

7 |     49.  Based on the above, plaintiff alleges that the defendant
8 | bank funds constitute property involved in multiple transactions or
9 | attempted transactions in violation of 18 U.S.C.
10 | § 1956(a)(1)(B)(i), or property traceable to such property, with
11 | the specified unlawful activity being a violation of 21 U.S.C.
12 | § 841 et seq. or 21 U.S.C. § 960 et seq.  To the extent that the
13 | defendant currency and the monies seized from the Bank Accounts are
14 | not the actual monies directly traceable to the illegal activity
15 | identified herein, plaintiff alleges that the defendant currency
16 | and the defendant bank funds are identical property found in the
17 | same account as the property involved in the specified offense,
18 | rendering them subject to forfeiture pursuant to 18 U.S.C. §
19 | 984(a).

20 | <center>FOURTH CLAIM FOR RELIEF</center>

21 |     50.  Plaintiff incorporates the allegations of paragraphs 1-43
22 | above as though fully set forth herein.

23 |     51.  Based on the above, plaintiff alleges that the defendant
24 | bank funds constitute property involved in multiple transactions or
25 | attempted transactions in violation of 18 U.S.C. § 1957, or
26 | property traceable to such property, with the specified unlawful
27 | activity being a violation of 21 U.S.C. § 841 et seq. or 21 U.S.C.
28 | § 960 et seq.  To the extent that the defendant currency and the

<center>19</center>

1  monies seized from the Bank Accounts are not the actual monies
2  directly traceable to the illegal activity identified herein,
3  plaintiff alleges that the defendant currency and the defendant
4  bank funds are identical property found in the same account as the
5  property involved in the specified offense, rendering them subject
6  to forfeiture pursuant to 18 U.S.C. § 984(a).

7      WHEREFORE, the United States prays that:

8      (a)   due process issue to enforce the forfeiture of the
9  defendants;

10     (b)   due notice be given to all interested parties to appear
11 and show cause why forfeiture should not be decreed;

12     (c)   that this Court decree forfeiture of the defendants to
13 the United States of America for disposition according to law; and

14     (d)   for such other and further relief as this Court may deem
15 just and proper, together with the costs and disbursements of this
16 action.

17 DATED: November 2, 2007

18                          THOMAS P. O'BRIEN
                            United States Attorney
19                          CHRISTINE C. EWELL
                            Assistant United States Attorney
20                          Chief, Criminal Division
                            STEVEN R. WELK
21                          Assistant United States Attorney
                            Chief, Asset Forfeiture Section
22

23

24                          _____
                            VICTOR A. RODGERS
                            Assistant United States Attorney
25
                            Attorneys for Plaintiff
26                          UNITED STATES OF AMERICA

27

28

<u>VERIFICATION</u>

I, Chris Fernandez, hereby declare that:

1.   I am a Special Agent with the Drug Enforcement Administration.

2.   I have read the above Complaint for Forfeiture and know the contents thereof.

3.   The information contained in Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena.  I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November **1**, 2007 at Los Angeles, California.

Chris Fernandez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | ) | No. CV 07-7194-GW(JCx) |
| Plaintiff, | ) | **Standing Order Re Final Pre-Trial** |
| v. | ) | **Conferences for Civil Jury Trials Before** |
| | ) | **Judge George H. Wu** |
| $599,985.00 in U.S. Currency, et al. | ) | |
| Defendant(s). | ) | |

1.      You are instructed to read and to follow (unless otherwise superseded herein) the Central District of California Local Rules (henceforth "Local Rules") 16-1 through 16-15 regarding pre-trial requirements.

2.      At least twenty-one (21) days prior to the Final Pre-Trial Conference (henceforth "FPTC"), counsel for each party and pro per litigants[1] must have prepared and exchanged with each other all of the following:

---

[1]      While the Court does not expect pro per litigants to have any legal training or experience, most of the requirements in this Order either do not require legal knowledge per se or are matters which the pro per litigant will have to address anyway at the trial (e.g., knowing what witnesses and exhibits he or she will be presenting, selecting the jury instructions that he or she will be asking the Court to read to the jury, etc.). This Court believes that it would be as helpful for pro per litigants, as it is for attorneys, to address those matters prior to trial in order for all of the trial participants to be better prepared and the trial to proceed more smoothly. Therefore, contrary to Local Rule 16-12(c), this Court will require pro per litigants, to the extent they are able, to participate in meeting the pre-trial conference obligations for civil jury trials delineated in this Order.

a)    a list of pre-marked exhibits which that party intends to use at trial,[2]

b)    copies of the exhibits which are on the list (except that exhibits previously provided during discovery and Bates-stamped need not be produced again),

c)    a list of witnesses which that litigant intends to call at trial,

d)    marked deposition transcripts as required by paragraph 7, below,

e)    an initial version of the short statement of the case to be read to the jury panel,

f)    proposed jury instructions, and

g)    any verdict forms that a party wishes to utilize.

3.    At least ten (10) days before the FPTC, all counsel and pro se litigants will meet and confer in person so that at least five (5) days before the FPTC, the parties will have filed and provided to the Court "joint" versions of the following:

a)    joint statement of the case,

b)    joint exhibit list (with any concomitant objections),

c)    joint witness list,

d)    joint proposed jury instructions,

e)    joint special verdict forms (if any), and

f)    stipulation(s) of facts as per Local Rule 16-2.2.

By "joint", the Court means that the materials will be contained in a single document signed by all counsel and pro per litigants. In the preparation of said document, no party shall have the right to veto (i.e., exclude from the document) material proffered by any other party. However, areas of dispute or other differences shall be noted. For example, as to the joint statement of the case, the sections which are agreed upon by all parties would be in regular type while the portions submitted by one litigant and contested by one or more of the others would be denoted by *different fonts*, *italicized*, underlined, or **in bold**. Further, where there are disagreements, the bases for each dispute will be noted in a brief footnote to the relevant section of the joint submission in question.

---

[2]    Rebuttal exhibits need not be placed on the list. However, actual rebuttal exhibits are (like hen's teeth) extremely rare. If the court determines that an undisclosed exhibit is not in fact a rebuttal exhibit, said item will be excluded from the trial.

2

1    In addition to supplying the Court with a paper copy of the documents, all "joint"

2    submissions are to be placed on a cd-rom disc using "Word Perfect" (7.0 or above) or "Word" and

3    provided to the Court.

4

5    4.    As to the joint exhibit list, the parties are to employ the following format:[3]

6

7
| Exhibit Number | Party Offering | Description | If objection(s), briefly state the ground(s) | Response to objection(s) |
|---|---|---|---|---|
8
9
10
| | | | | |
| | | | | |
| | | | | |

11

12    If all the parties stipulate to the admissibility of an exhibit or if there are no objections to it

13    on the exhibit list, it may be used by either side at any point in the trial after jury selection including

14    the opening statements and closing arguments.

15    Any and all objections to an exhibit must be included in the joint exhibit list. Any objections

16    not so included will be deemed by this Court to have been waived. Do not submit blanket or

17    boilerplate objections as they will be disregarded and overruled.

18    In numbering and marking the exhibits, the parties are to follow Local Rules 16-6 and 26-3.

19

20    5.    As to each witness on the joint witness list, the parties shall state the name of the

21    witness, the party(s) calling the witness, and provide an estimate of the amounts of time for the

22    witness's direct and cross-examinations. If there is an objection to the witness's being called at

23    trial, the opposing party must file a motion in limine to resolve the dispute in advance of trial or the

24    objection will be deemed to have been waived, unless the Court finds that the basis for the

25    objection arose after the FPTC.

26

27    _____

28    [3]    In order to fit all of the necessary information into the limited spaces on the form, for this document the parties can utilize as low as 9 point font, if they so desire.

3

1      6.    The proposed jury instructions are to be placed in the order in which they are to be
2  read to the jury and printed in booklet form (<u>i.e.</u>, fitting multiple instructions sequentially on each
3  page). Normally, there should be: 1) a "Preliminary Instructions" section with items such as <u>Ninth</u>
4  <u>Circuit Manual of Model Jury Instructions - Civil</u> (henceforth "9th Cir. Jury Instructions") Nos. 1.1C,
5  1.6, 1.7, 1.9 through 1.11, etc.[4]; 2) a "Cause(s) of Action/Affirmative Defense(s)" section which
6  delineates the elements of each claim and defense; 3) a "Damages" section which describes the
7  types of damages (<u>e.g.</u>, economic, non-economic, future, punitive, etc.), and 4) a "Closing
8  Instructions" section with items such as 9th Cir. Jury Instructions Nos. 3.1 through 3.4.

9      This Court has a preference for established/published jury instructions (such as the 9th Cir.
10  Jury Instructions) over those specially prepared by counsel in the instant case because the former
11  have usually survived some appellate review. As to the established form jury instructions, where
12  the claim arises under federal law, counsel should initially refer to the applicable provisions in the
13  9th Cir. Jury Instructions. Where the claim is based on California law, either the <u>Judicial Council</u>
14  <u>of California Civil Jury Instructions</u> (henceforth ("<u>CACI</u>") or <u>California Jury Instructions - Civil</u>
15  (henceforth "<u>BAJI</u>") may be used. The Court has no objection to the parties' selection of various
16  items from the different publications (<u>i.e.</u>, mixing and matching) so long as each instruction is
17  identified by its source and there are no overlaps or discrepancies. Where there is no applicable
18  form instruction on a particular matter and counsel are drafting specific language, they are to
19  include reference to the statutory, regulatory or case law which supports that language.

20      The most recent version of any form instruction is to be utilized. Any blanks or spaces are
21  to be filled in by the parties. Modifications of established jury instructions from the various sources
22  must specifically indicate the change(s) made to the original form instruction and cite to the
23  authority supporting the modification(s).

24

25

26     [4]   The Court will usually give the jury an initial set of instructions (henceforth "Initial Set"), after the voir dire is
completed and the actual panel is sworn in, just before opening statements of counsel. In addition to the standard
27  instructions (such as 9th Cir. Jury Instruction Nos. 1.1A, 1.2, <u>etc.</u>), the parties may request that the Court include in
the Initial Set those instructions which state the essential elements of the cause(s) of action or affirmative defenses
28  on which the respective parties bear the burden of proof.

4

In addition to the joint proposed jury instruction booklet, the parties are to provide the court with a table listing each proposed instruction and the following information (at the time of the FPTC, only the first two columns need to be filled out):

| Jury Instruction Number and Source/Identification/Description | Party(s) Offering | Rejected | Given | Given as Modified | Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Each juror will receive a written copy of the jury instructions at the close of the evidentiary phase of the trial. The jury will be instructed prior to closing arguments.

Before giving the instructions and/or verdict forms to the jury, the Court will meet with counsel and pro per litigants near the close of trial to finalize the versions of those documents.

7.    Where a party seeks to present a witness's testimony at trial by way of a deposition, at least twenty-one (21) days prior to the FPTC, that party will provide the opposing side with a copy of the witness's deposition transcript with the parts it seeks to proffer marked in blue. Seven (7) days later, the opposing side will return the transcript indicating in red any objections it has to the parts selected by the originating party and also designating any portions which the opposing side wishes to have read to the jury. At least ten (10) days before the FPTC, the parties will meet and confer to resolve any differences regarding the deposition testimony. Should there be any disputes which the parties cannot resolve, at least five (5) days before the FPTC, the parties will lodge with the court: 1) a marked copy of the deposition transcript indicating the portions agreed upon and the parts in dispute, and 2) a joint filing delineating the parties' respective positions on the disputed parts. The Court will resolve those disputes at the FPTC.

At the trial, the marked deposition will be read to the jury by counsel unless some other method is agreed upon. If the deposition was taken by way of video, the edited videotape can be played to the jury.

8.    The parties are requested to reach as many stipulations of fact as they can before trial in order to reduce trial time, simplify the proceedings, and make the process more intelligible to the jurors.  Such stipulations can be read to the jury or handed out in written form at the start of the trial if requested by the parties.

9.    All motions in limine are to be filed and personally served no later than twenty-one (21) days before the FPTC.  Any oppositions to said motions are to be filed and personally served ten (10) days before the FPTC.  Any replies are to be filed and personally served four (4) days before the FPTC and courtesy copies are to be delivered to Court chambers.

Motions in limine would include making requests: 1) to exclude an item of evidence or a witness from the trial, 2) to bifurcate issues, 3) for the court to take judicial notice, or 4) for any unusual procedure during the trial such as having the jury visit a particular location or conducting an experiment in court, etc.[5]  However, do not waste the Court's and your opponent's time by making general boilerplate motions in limine such as a "Motion to Exclude at Trial All Evidence Not Previously Produced During Discovery".[6]

Remember, motions in limine are covered by the meet and confer requirements of Local Rule 7-3.

10.    On the first day of trial, parties will jointly present sets of binders containing all of the pre-marked documentary and photographic exhibits for: 1) the court, 2) the court clerk (who receives the originals), and 3) the witness box.  Each exhibit shall be separated by a tabbed divider indicating the exhibit number on the right hand side.

---

[5]    Motions in limine are not meant to serve as a vehicle for resolving discovery disputes which should have already been decided before the close of discovery or for attempting to re-litigate prior judicial decisions.  Further, motions in limine are not a substitute for a timely made motion for summary judgment or adjudication.

[6]    Any motion to exclude evidence not produced during discovery would have to specify the particular exhibit(s) or witness(es) to be excluded, the exact discovery requests which required their revelation, and the opposing party's purported deficient response.

1  If the trial revolves around a <u>limited</u> set of key documents/exhibits <u>and</u> if the parties have
2  stipulated to the admissibility of those items, the parties can request the jurors be provided with
3  their own exhibit binders at the start of the trial.

4  Also, if any party potentially intends to use deposition testimony to impeach a witness (or
5  for any other purpose), a copy of the deposition transcript is to be lodged with the court clerk on
6  the first day of trial.

7

8  11.    Courtroom 10 has an available Samsung SDP-950STA Digital Presenter (an "ELMO"
9  like device with laptop computer connections), two 40 inch flat screen monitors for the jury, and
10  concomitant desk top monitors for the judge, witness box and attorney tables.  If a party elects to
11  utilize the court's equipment, counsel are advised to learn how to operate the equipment <u>before</u>
12  trial begins.  If counsel are bringing their own audio/visual apparatus (or have any other logistical
13  issue, *e.g.*, a large number of boxes or exhibits), they must make arrangements with the court
14  clerk at least three (3) business days in advance of trial.

15  If interpreters are required for any witness, the party calling that witness bears the burden
16  of supplying an interpreter.

17

18  12.    At the FPTC, an inquiry will also be made as to any scheduling problems and an
19  attempt will be made to accommodate parties, attorneys and witnesses at trial.[7]  However, the
20  failure to raise such a scheduling issue at the FPTC will normally mean that the problem will not
21  be later considered by the Court.

22  During the trial, each party must advise its opponent(s) at least 24 hours in advance of
23  the witnesses which it plans to call for the next day.  Likewise, any chart or other item of
24  demonstrative evidence (which is otherwise not a pre-marked exhibit) must be shown to the

25  _____

26  [7]    Because trials are set with lengthy advance notice, it is expected that the parties, counsel and witnesses will
       have cleared their calendars for purposes of the trial. Nevertheless, it is understood that certain situations (e.g. a non-
27  party doctor witness who is not a retained expert) may arise where accommodations will be necessary. At the FPTC,
       the parties should be knowledgeable as to their witnesses' schedules.  Upon a proper showing, the Court will allow
28  witnesses to be taken out of order.

1 | opponent(s) at least 48 hours before its intended use so that a hearing can conveniently be heard
2 | outside the presence of the jury, if necessary.

3 |       The parties are expected to have their witnesses stacked such that there will be no delay
4 | between the time one witness is excused and the next one is called. Should there be any instance
5 | where a party is unable to call a witness for more than thirty (30) minutes, the Court will deem that
6 | side to have rested.

7 |

8 |       13.    At the FPTC, the Court will discuss with the parties which of the causes of action and
9 | affirmative defenses will, in fact, need to be tried to the jury. At that time, the Court will review the
10 | time estimate for the trial and, if necessary, set a specified time table for each party to present its
11 | claims/defenses (including the imposition of time limits on opening statements and closing
12 | arguments). Since the Court's allotment of time to try the case will inevitably be less than the
13 | parties' estimate, the Court will allocate the time generally giving the plaintiff's side 55% to 60%
14 | and the defendant's side 45% to 40%.[8] The Court will keep track of the time taken by each side.

15 |

16 |       14.    Voir dire examinations will primarily be conducted by the Court. See Federal Rules
17 | of Civil Procedure ("FRCP") 47(a). Each side will be allowed a brief period to ask follow-up
18 | questions. Parties are to submit at the FPTC any questions that they want the Court to ask the
19 | jurors.   Prior to the voir dire, the Court will indicate if any of the proposed questions are
20 | objectionable or if the Court will decline to ask particular question(s) but will allow the counsel to
21 | ask it/them during their allotted time.

22 |       If the case is complex or raises "delicate issues" and if the parties stipulate in advance, they
23 | can submit a proposed written jury questionnaire form at the FPTC.

24 | / / /

25 | / / /

26 |

---

27 |       [8] Because plaintiffs have the initial burden of proof and they also have to establish the factual background for the
disputes, the Court normally will give them a little more than half the trial time to present their case. The Court will
28 | deviate from that normal course in such situations as where the defendants' counterclaims predominate or where there
is only one plaintiff and a multitude of defendants.

8

1    15.    It is this Court's normal practice to allow jurors to ask questions of witnesses during
2    the trial using the procedure set forth in 9th Cir. Jury Instruction No. 1.15. If any party objects to
3    such juror questioning, it should raise that issue at the FPTC.

4

5    16.    Other Trial Matters

6        a) No speaking objections. If an attorney wishes to make an objection, say the word
7    "objection" and the word or phrase that delineates its basis (e.g. "hearsay," "lack of foundation,"
8    etc.). The challenged attorney is not to give a response unless specifically asked to do so by the
9    Court.

10        b) Court hours. Judge Wu hears motions on Mondays and Thursdays and therefore
11    the starting time for those days will vary depending upon the number and nature of the matters
12    on his morning calendar. Normal trial hours are from 8:30 a.m. to 12:00 p.m. and 1:15 p.m. to
13    5:00 p.m. There will be one morning and one afternoon break of about 10 to 15 minutes.

14        c) Punctuality. The first time a party's counsel is late, the Court will verbally
15    admonish. The second time, the Court will have brought the jury into the courtroom and counsel
16    can explain their whereabouts/tardiness directly to the jury. The third time, the court will sanction
17    monetarily.

18        d) Use of podium. Counsel are expected to use the podium when questioning
19    witnesses and may not approach the jury or witness boxes unless counsel has asked and
20    obtained permission from the Court beforehand.

21        e) Moving exhibits. Counsel should move an exhibit into the record at the time the
22    exhibit is initially shown to a witness (unless the exhibit list indicates that no party has objected to
23    its admissibility). The Court will not allow parties to recall witnesses to remedy defects in the initial
24    testimony as to the admissibility of exhibits.

25        f) Advising parties and witnesses. Counsel and pro per litigants are ordered to
26    advise their parties and witnesses that, during the trial, they are not to have any contact either
27    directly or indirectly with any juror. Should counsel fail to so advise those persons and one of
28    them attempts to interface with a juror, the Court will hold the attorney in violation of this order.

9

1   Counsel are also instructed to advise their witnesses of any of this Court's applicable

2   evidentiary rulings, so that witnesses do not blurt out previously excluded evidence in front of the

3   jury. Counsel will also admonish their clients, witnesses and related persons that they are not to

4   respond to particular testimony or to any ruling of this Court with observable facial expressions,

5   body movements (such as head nodding or shaking) or commentary indicating their agreement

6   or non-agreement.

7   g)  <u>Multiple counsel</u>.  If a party has more than one trial counsel, the Court will

8   start/resume the trial once any one of the attorneys is present.  Also, only one attorney may

9   question or cross-examine a witness, and/or make objections to questions or answers of a

10  particular witness.  "Double teaming" will not be allowed.

11

12  17.   The Court will re-address the topic of settlement at the FPTC.

13

14  **IT IS SO ORDERED.**

15

16

17  DATED: November 16, 2007

*George H. Wu*
GEORGE H. WU
United States District Judge

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>United States of America | **DEFENDANTS**<br>$599,985.00 in U.S. Currency, $318,655.30 in Bank Funds Seized from Two Bank of America Accounts and One 2007 Rolls Royce Phantom |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>THOMAS P. O'BRIEN, United States Attorney<br>VICTOR A. RODGERS, Assistant United States Attorney<br>United States Attorney's Office, California Bar No. 101281<br>U.S. Courthouse, 14th Fl., 312 N. Spring St., Los Angeles, CA 90012 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff  
☐ 2 U.S. Government Defendant  
☐ 3 Federal Question (U.S. Government Not a Party)  
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $_____**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. §§ 981 (a)(1)(A) & (C), 984 and 21 U.S.C. § 881(a)(6)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☑ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:**    Case Number: _____

CV07-07194

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Los Angeles

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_ Date 11/2/0?

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV07- 7194 GW (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

```
 1 | THOMAS P. O'BRIEN
   | United States Attorney
 2 | CHRISTINE C. EWELL
   | Assistant United States Attorney
 3 | Chief, Criminal Division
   | STEVEN R. WELK
 4 | Assistant United States Attorney
   | Chief, Asset Forfeiture Section
 5 | VICTOR A. RODGERS
   | Assistant United States Attorney
 6 | Asset Forfeiture Section
   | United States Attorney's Office
 7 | California Bar Number 101933
   | U.S. Courthouse, 14th Floor
 8 | 312 N. Spring Street
   | Los Angeles, CA 90012
 9 | Telephone: (213) 894-2569
   | Facsimile: (213) 894-7177
10 | Email: Victor.Rodgers@usdoj.gov
   |
11 | Attorneys for Plaintiff
   | United States of America
12 |
13 |            UNITED STATES DISTRICT COURT
14 |        FOR THE CENTRAL DISTRICT OF CALIFORNIA
15 |                   WESTERN DIVISION
16 |                                CV07-07194 GW (JCx)
   | UNITED STATES OF AMERICA,   )  CV
17 |                             )
   |        Plaintiff,           )  WARRANT
18 |                             )
   |        v.                   )
19 |                             )
   | $599,985.00 IN U.S. CURRENCY, )
20 | $318,655.30 IN BANK FUNDS    )
   | SEIZED FROM TWO BANK OF AMERICA)
21 | ACCOUNTS AND ONE 2007 ROLLS  )
   | ROYCE PHANTOM,               )
22 |                             )
23 |                             )
24 |
25 |   TO: UNITED STATES MARSHALS SERVICE, CENTRAL DISTRICT OF
26 | CALIFORNIA:
27 |   A complaint having been filed in this action,
28 |   IT IS ORDERED that you seize the Defendants, $599,985.00 in
```

FOR OFFICE USE ONLY

FOR OFFICE USE ONLY

DOCKETED ON CM
NOV - 9 2007
BY ___ 019

1  U.S. Currency, $318,655.30 in Bank Funds Seized from Two Bank of

2  America Accounts and One 2007 Rolls Royce Phantom, and cause the

3  same to be detained in your custody, or in the custody of a

4  Substitute Custodian, until further notice of the Court, and that

5  you give due notice to all interested persons that they must file

6  their Claims and Answers with the Clerk of this Court within the

7  time allowed by law.

8      YOU ARE FURTHER ORDERED to file this process in this Court

9  with your return promptly after execution.

10     DATED:    NOV - 2 2007

11                             SHERRI R. CARTER, Clerk

12                             KENDRA BRADSHAW

13                             Deputy Clerk

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

The United States of America        )
                                    )
            Plaintiff               )
                                    )
        v.                          )        Civil Case No. CV-07-07194
                                    )
$599,985.00 in UNITED STATES CURRENCY )
$318,655.30 in BANK FUNDS           )
SEIZED FROM TWO                     )
BANK OF AMERICA ACCOUNTS            )
AND ONE 2007 ROLLS ROYCE PHANTON,   )
                                    )
            Defendants.             )
_____ )

### NOTICE OF RELATED CASE

Lisa Angelo, counsel for claimant Zhenli Ye Gon, pursuant to Fed. R. Civ. P.

42(a), hereby provides notice that the instant case is related to a criminal case in which

Mr. Ye Gon is the defendant—United States v. Gon, 07-CR-181 (EGS) and a civil

forfeiture action in which Mr. Ye Gon is the claimant, United States v. 2004 Lamborghini

Murcielago et al., 07-CV-1512 (EGS), which have been consolidated and are pending

before Judge Sullivan in the United States District Court for the District of Columbia.

Rule 42(a) provides:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of any
> or all the matters in issue in the actions; it may order all the actions
> consolidated; and it may order all the actions consolidated; and it
> may such orders concerning proceedings therein as may tend to
> avoid unnecessary costs or delay



The indictment (attached hereto as Exhibit A), filed July 26, 2007, against Mr. Ye Gon contains a criminal forfeiture against "any and all money and/or property constituting, or derived from, any proceeds which said defendants obtained, directly or indirectly, as the result of violations alleged in Count 1 of this Indictment." The criminal indictment accuses Mr. Ye Gon of conspiring to aid and abet the manufacture of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The seizure in the instant case arises from the DEA investigation into the criminal charges filed against Mr. Ye Gon. The government contends that the seized funds and property were derived from Mr. Ye Gon's alleged criminal activity.[1]

Plaintiff also respectfully informs the court that the parties are required to submit a report to the court by January 21, 2008 in connection with the civil forfeiture action against Mr. Ye Gon pending in the District of Columbia.

In compliance with Local Rule 83-1.3.3 defendant feels compelled to notify the Court of the existence of related case(s). In the interests of judicial economy, defendant requests that the instant case be assigned to Judge Sullivan of the United States District Court for the District of Columbia.

---

[1] Plaintiff's Complaint in the instant case also references interviews of Michelle Wong. Ms. Wong has been indicted for conspiracy and is also subject to a criminal forfeiture action for "(1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1957; (2) all commissions, fees and other property constituting proceeds obtained as a result of these violations; and (3) all property used in any manner or part to commit or to facilitate the commission of those violations." See United States v. Wong, 07-CR-211 (EGS).

RESPECTFULLY SUBMITTED

Dated: 25TH day of December 2007,

**MARTIN McMAHON & ASSOCIATES**

/s/ Lisa D. Angelo
Lisa D. Angelo, CA BAR Number: 229000
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC  20036
Tel:  (202) 862-4343
Fax:  (202) 828-4130
langelo@martinmcmahonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via first class mail on December 5, 2007 to:

Victor A. Rodgers, Esq.
Assistant U.S. Attorney
Asset Forfeiture Section
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, CA 90012
(213) 894-2569
Victor.Rodgers@usdoj.gov
*Attorney for Plaintiff United States*

/s/ Lisa D. Angelo
Lisa D. Angelo, CA BAR Number: 229000
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC  20036
(202) 862-4343
langelo@martinmcmahonlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 07 - 181 |
| | ) | Mag No. 07-302 |
| v. | ) | GRAND JURY ORIGINAL |
| | ) | |
| ZHENLI YE GON | ) | VIOLATIONS: |
| | ) | |
| Defendant. | ) | 21 U.S.C. §963 and 959 |
| | ) | Conspiracy to Aid and Abet |
| | ) | The Manufacture of 500 |
| | ) | Grams or More of |
| | ) | Methamphetamine |
| | ) | Knowing or |
| | ) | Intending that It Will |
| | ) | Be Unlawfully Imported |
| | ) | Into The United States |
| | ) | 18 U.S.C. §2 |
| | ) | 21 U.S.C. §853 |
| | ) | 21 U.S.C. §970 |
| | ) | (Forfeiture) |

**INDICTMENT**

**FILED IN OPEN COURT**

SULLIVAN, J. EGS

B

The Grand Jury charges that:

**COUNT ONE**

**JUL 2 6 2007**

From in or about 1999, the exact date being unknown to the Grand Jury, and

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

continuing thereafter up to and including the date of the filing of this Indictment, in the

countries of Mexico, El Salvador, the United States, and elsewhere, the defendant,

ZHENLI YE GON, and others known and unknown to the Grand Jury, did unlawfully,

knowingly, and intentionally combine, conspire, confederate, and agree with each other,

and with other co-conspirators unknown to the Grand Jury, to commit the following

DEFENDANT'S
EXHIBIT

A

offense against the United States: to aid and abet in the manufacture of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, intending and knowing that it would be unlawfully imported into the United States from Mexico, and elsewhere, outside of the United States, in violation of Title 21, United States Code, Sections 959 and 960. All in Violation of Title 21, United States Code, Sections 959, 963 and 960, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

Upon conviction of the criminal violations alleged in Count 1 of this Indictment, said offenses being punishable by imprisonment for more than one year, the defendant, ZHENLI YE GON, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title, or interest which the defendant may have in:

(1)     any and all money and/or property constituting, or derived from, any proceeds which said defendants obtained, directly or indirectly, as the result of the violations alleged in Count 1 of this Indictment; and

(2)     any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations alleged in Count 1 of this Indictment, together with all interest and proceeds traceable thereto, in that said property constitutes or was derived from proceeds said defendants obtained as a result of the violations charged in Count 1 of the Indictment, and is property which was used or intended to be used to facilitate said violations:

If any of the above described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;
(b)     has been transferred or sold to, or deposited with, a third party;
(c)     has been placed beyond the jurisdiction of the Court;
(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be
subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of the defendants up to the value of the

property described in paragraphs 1 and 2 above.

(Criminal Forfeiture, pursuant to Title 21, United States Code, Sections 853 and 970).

A TRUE BILL:

FOREPERSON.

Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section
Criminal Division, Department of Justice
1400 New York Avenue, N.W.
Bond Building
Washington, D.C. 20005

By:

Wanda G. Dixon
Trial Attorney
Criminal Division, Narcotic and Dangerous Drug Section
Department of Justice
1400 New York Avenue, N.W.
Bond Building
Washington, D.C. 20005
Telephone: (202)514-1286

By:

Paul Laymon
Trial Attorney
Criminal Division, Narcotic and Dangerous Drug Section
Department of Justice
1400 New York Avenue, N.W.
Bond Building
Washington, D.C. 20005
(202)514-1286

August 17, 2006

LIST OF INDICTMENT RETURN
GRAND JURY SWORN IN ON MAY 11, 2006
GRAND JURY 06-1

Page 1 of 2

| DOJ NUMBER | CCR NO. | PDID NO. | U.S. MAG. NO | CRIMINAL CASE NO. | NAME AND ADDRESS OF DEFENDANT/DOB | VIOLATION & CODE SECTION | DATE OF ARREST | JUDGE ASSIGNED |
|---|---|---|---|---|---|---|---|---|
| 1. | N/A | N/A | 07-301 | 07 - 181 | Zhenli Ye Gon<br><br>Mexico City, Mexico<br>DOB: 31 Jan 63<br><br>DOJ Trial Attorney:<br>Paul Laymon 202-514-1286 | 21 U.S.C. § 959 and 963<br>(Conspiracy to<br>Aid and abet the manufacture of<br>500 grams or More of methamphetamine<br>Knowing that it would be<br>Imported into the United States);<br><br>18 U.S.C. § 2<br>(Aiding and Abetting);<br><br>21 U.S.C. § 853 and 970<br>(Asset Forfeiture)<br><br>Count 1 and Forfeiture | | SULLIVAN, J. EGS (Count 5-1) |

Def HMB on 7/24/07
Reg: 27063-016

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  VICTOR A. RODGERS
   California Bar No. 101281
6  Assistant United States Attorney
   Asset Forfeiture Section
7       Federal Courthouse, 14th Floor
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone:  (213) 894-2569
9       Facsimile:  (213) 894-7177
        E-mail: Victor.Rodgers@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12



13              UNITED STATES DISTRICT COURT

14         FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                   WESTERN DIVISION

16 UNITED STATES OF AMERICA,    )   No. CV 07-7194 GW(JCx)
                                )
17            Plaintiff,         )   PLAINTIFF UNITED STATES OF
                                )   AMERICA'S COUNTER-STATEMENT IN
18            v.                 )   RESPONSE TO ZHENLI YE GON'S
                                )   NOTICE OF RELATED CASE;
19 $599,985.00 IN U.S.          )   DECLARATION OF STEVEN R. WELK
   CURRENCY, $318,655.30 IN     )
20 BANK FUNDS SEIZED FROM TWO   )
   BANK OF AMERICA ACCOUNTS     )
21 AND ONE 2007 ROLLS ROYCE     )
   PHANTOM,                     )
22                              )
              Defendants.       )
23 _____) 

24

25      Plaintiff United States of America filed this in rem civil

26 forfeiture action on November 2, 2007 against defendants

27 $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds Seized From

28 Two Bank of America Accounts and One 2007 Rolls Royce Phantom

1   (collectively, the "defendants").  On or about December 6, 2007,
2   without filing a claim to any of the defendants and thereafter
3   appearing in this case by answering the complaint, Zhenili Ye Gon
4   ("Ye Gon") filed a document titled "Notice of Related Case,"
5   allegedly pursuant to Fed. R. Civ. P. 42(a).  In the filing, Ye Gon
6   argues that the instant civil forfeiture action is related to a
7   criminal case in which Ye Gon is a defendant (<u>United States v. Gon</u>,
8   Case No. 07-CR-191 (EGS)) and a civil forfeiture case (<u>United</u>
9   <u>States v. 2004 Lamborghini Murcielago, et al.</u>, Case No. 07-CV-1512
10  (EGS)), both of which are pending in the United States District
11  Court for the District of Columbia.

12      Fed. R. Civ. P. 42(a) pertains to the consolidation of cases.
13  It has nothing to do with Notice of Related Case filings.  The
14  applicable rule regarding Notice of Related Case filings is Local
15  Rule 83-1.3 of the Central District of California.  That Local Rule
16  explicitly provides that a related case must be a case that is
17  pending in the Central District of California.  Because the cases
18  relied upon by Ye Gon are pending in the District of Columbia, they
19  are not related to the instant Central District of California civil
20  forfeiture case.  Local Rule 83-1.3 provides in pertinent part:

21          L.R. 83-1.3 Notice of Related Cases

22          L.R. 83-1.3.1 Notice.  At the time a civil

23      action (including a notice of removal or bankruptcy

24      appeal) is filed, or as soon as known thereafter, the

25      attorney shall file and serve on all parties who have

26      appeared a Notice of Related Case(s), stating whether any

27      action <u>previously filed or currently pending in the</u>

28      <u>Central District</u> and the action being filed appear:

     (a) To arise from the same or a closely related transaction, happening or event; or

     (b) To call for determination of the same or substantially related or similar questions of law and fact; or

     (c) For other reasons would entail substantial duplication of labor if heard by different judges; or

     (d) To involve the same patent, trademark or copyright, and one of the factors identified in a, b or c is present.

(Emphasis added).

Even assuming, for the sake of argument, that the District of Columbia cases were actually pending in the Central District, Ye Gon's Notice of Related Case would still not be proper. As to the District of Columbia criminal case, this civil forfeiture action does involve some, but certainly not a material part, of the allegations raised in the District of Columbia criminal case. Nevertheless, even if the criminal case was pending in this District, the instant civil forfeiture case would not eligible for "related case transfer" to the judge presiding over the criminal case. Rather, this court's Local Rules and General Order governing judicial case assignments maintain a separation between civil and criminal case assignments, even though cases may arise out of some or all of the same events.

Local Criminal Rule 50-3.1 governs related case transfers for criminal cases and, as mentioned above, Local Civil Rule 83.1.3.1 governs related case transfers for civil cases. Neither rule

3

1  requires the transfer of a new <u>civil</u> case to the calendar of a
2  judge hearing a "related" <u>criminal</u> case, or vice versa.  Indeed,
3  the Local Criminal Rule expressly contemplates that criminal cases
4  can only be "related" to other criminal cases for purposes of case
5  transfers.    <u>See</u> Local Criminal Rule 50-3.1 (counsel shall file a
6  related case notice "whenever a criminal case previously filed and
7  one or more informations or indictments later filed" are related in
8  the manner described in the Rule).

9       Likewise, the Local Civil Rule also relates civil actions to
10  other civil actions, not to criminal proceedings:

11       At the time a civil action . . . is filed, or as soon as
12       known thereafter, the attorney shall file and serve on
13       all parties who have appeared a Notice of Related
14       Case(s), stating whether any action previously filed or
15       currently pending in the Central District and the [new]
16       action being filed appear [related according to the
17       criteria of the rule].

18  Local Rule 83-1.3.1.  The word "action," which appears three times
19  in this provision, is a term referring to civil cases, not criminal
20  proceedings.  Fed. R. Civ. P. 2 ("There is one form of action-the
21  civil action"); <u>compare</u> Fed. R. Crim. P. 1(a)(1) (limiting scope of
22  criminal rules of procedure to "criminal proceedings").  Therefore,
23  Local Rule 83-1.3.1 neither requires nor permits the transfer of a
24  newly-filed civil action based on a connected criminal proceeding.

25       The Central District of California's General Order 05-06,
26  governing judicial case assignments, directly supports this
27  analysis by expressly limiting the transfer procedure to related
28  <u>civil</u> cases.  General Order 05-06, § 5.1 ("It shall be the

4

1  responsibility of the parties to promptly file a Notice of Related
2  Cases whenever a civil case previously filed and a civil case later
3  filed [meet the factual and other relatedness criteria]"").
4  Similarly, the General Order also limits the criminal case transfer
5  procedure to related criminal cases.  Id. at § 11.1 (""It shall be
6  the responsibility of counsel to promptly file a Notice of Related
7  Cases whenever a criminal case previously filed and one or more
8  informations or indictments later filed [meet the factual and other
9  relatedness criteria]"").
10      These rules are in accord with the traditional practice in
11  this District.  Unless the same judge is drawn randomly at the time
12  of the initial civil and criminal filings, the same judge will
13  generally not hear both the civil and the criminal matters.
14  Indeed, while the Asset Forfeiture Section of the United States
15  Attorney's Office files numerous civil forfeiture cases each year
16  that allege facts similar or identical to those of criminal cases
17  pending in this District, it is the Section's practice not to file
18  a Notice of Related Case in such instances, based on the division
19  between civil and criminal cases reflected in the Local Rules and
20  General Order 05-06 (and prior General Order 224).  Welk Decl. ¶ 2.
21      Likewise, even if the District of Columbia civil forfeiture
22  case was pending in the Central District of California, that case
23  would not be related to the instant civil forfeiture case based
24  upon the conclusory statements contained in Ye Gon's Notice.  Ye
25  Gon offers no facts about the District of Columbia case, the assets
26  named as defendants in that case, or any argument why that case
27  could be deemed related, even if that case was pending in this
28  / / /

1   District.   Indeed, many reasons, some of which are set forth below,
2   suggest that the cases are not related.

3   All of the assets named as defendants in the instant civil
4   forfeiture case were seized in California and are currently in the
5   custody of the United States Marshals within this jurisdiction.
6   Complaint ¶¶ 5 and 6.   More specifically, the defendant $599,985.00
7   in United States Currency consists of (1) $499,985.00 seized in
8   April 2007 at Wells Fargo Bank, 333 South Grand Avenue, Los
9   Angeles, California, when Yihui Zhou withdrew those funds from her
10  Wells Fargo bank account and paid that amount via check to the
11  United States Marshals Service (id. at ¶¶ 5a, 41); and
12  (2) $100,000.00 seized in May 2007 from 3303 Del Mar Avenue, Suite
13  B, Rosemead, California, when Hui Jun He withdrew those funds from
14  his Evertrust bank account and paid that amount via check to the
15  United States Marshals Service (id. at  ¶¶ 5a, 40).   Similarly,
16  defendant $318,655.30 in Bank Funds, Etc. was seized in California
17  at Bank of America, 500 Newport Center Drive, Newport Beach,
18  California from two Bank of America accounts in June 18, 2007
19  pursuant to California state seizure warrants.   Id. at ¶ 5b.
20  Finally, defendant One 2007 Rolls Royce Phantom, which is
21  registered to California resident Yihui Zhou, was seized in April
22  2007 at Newport European Motorcars Ltd, 720 West 17th Street, Costa
23  Mesa, California.   Id. at ¶ 5c.   None of the defendants in the
24  instant civil forfeiture case are named in either of the District
25  of Columbia lawsuits.

26  The Notice of Related Case transfer rules require that the
27  allegedly related case be pending in the Central District of
28  California.   However, the cases relied upon for relatedness by Ye

1  Gon are pending in the District of Columbia.  Even if the District

2  of Columbia cases had been filed in the Central District of

3  California, the Notice of Related case filed by Ye Gon is not

4  sufficient to support a related case transfer.  The government

5  respectfully requests that Ye Gon's related case transfer request

6  be denied.

7                                    Respectfully submitted,

8  DATED: December 12, 2007          THOMAS P. O'BRIEN
                                     United States Attorney
9                                    CHRISTINE C. EWELL
                                     Assistant United States Attorney
10                                   Chief, Criminal Division
                                     STEVEN R. WELK
11                                   Assistant United States Attorney
                                     Chief, Asset Forfeiture Section
12

13

14                                   VICTOR A. RODGERS
                                     Assistant United States Attorney
15
                                     Attorneys for Plaintiff
16                                   UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

                                     7

1        DECLARATION OF STEVEN R. WELK

2        I, Steven R. Welk, hereby declare as follows:

3        1.  I am an Assistant United States Attorney ("AUSA") for the
4   Central District of California.  The following facts are known to me
5   personally, and if called to testify I could and would competently
6   testify thereto.

7        2.  I am Chief of the Asset Forfeiture Section of the United
8   States Attorneys Office for the Central District of California.  I
9   have been an AUSA in the Asset Forfeiture Section since 1995, and
10  have been Chief of the Section since September 2001.  The AUSAs in
11  the Asset Forfeiture Section file numerous civil forfeiture cases
12  each year that arise from the same general facts as criminal cases
13  pending in this District.  It is the Section's practice not to file
14  a Notice of Related Case in such instances, based on the division
15  between civil and criminal cases reflected in the Local Rules of the
16  Central District of California and General Order 05-06.

17       I declare under penalty of perjury under the laws of the United
18  States of America that the foregoing is true and correct.

19       Executed on December 10, 2007 at Los Angeles, California.

20                                      _____
21                                          Steven R. Welk

22

23

24

25

26

27

28

8

1

<u>PROOF OF SERVICE</u>

2        I am over the age of 18 and not a party to the within action.

3    I am employed by the Office of the United States Attorney, Central

4    District of California.  My business address is 312 North Spring

5    Street, 14th Floor, Los Angeles, California 90012.

6        On <u>December 10, 2007</u>, I served a <u>PLAINTIFF UNITED STATES OF</u>

7    <u>AMERICA'S COUNTER-STATEMENT IN RESPONSE TO ZHENLI YE GON'S NOTICE</u>

8    <u>OF RELATED CASE; DECLARATION OF STEVEN R. WELK</u> on each person or

9    entity named below by enclosing a copy in an envelope addressed as

10   shown below and placing the envelope for collection and mailing on

11   the date and at the place shown below following our ordinary office

12   practices.

13   Lisa D. Angelo, Esq.
     Martin F. McMahon & Associates
14   1150 Connecticut Ave. N.W.
     Suite 900
15   Washington, D.C. 20036

16

17       I am readily familiar with the practice of this office for

18   collection and processing correspondence for mailing.  On the same

19   day that correspondence is placed for collection and mailing, it is

20   deposited in the ordinary course of business with the United States

21   Postal Service in a sealed envelope with postage fully prepaid.

22       I declare under penalty of perjury under the laws of the

23   United States of America that the foregoing is true and correct.

24       I declare that I am employed in the office of a member of the

25   bar of this court at whose direction the service was made.

26       Executed on: <u>December 10, 2007</u> at Los Angeles, California.

27

28   **Malisa Luong**

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See *"Instructions for Service of Process by U.S. Marshal"* #1

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | CV 07-7194 GW (JCx) |
| DEFENDANT | TYPE OF PROCESS |
| $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds, et al. | Complaint/ Notice/ Warrant |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)* |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

AUSA VICTOR RODGERS
U.S. COURTHOUSE
312 N. SPRING STREET, 14TH FLOOR
LOS ANGELES, CA 90012

Number of process to be served with this Form 285
Number of parties to be served in this case
Check for service on U.S.A.

FILED 2007 DEC 17 AM 10: 12

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

CATS ID No.: 07-DEA-482070, 07-DEA-482646, 07-DEA-484278, 07-DEA-486974, 07-DEA-486979
Please seize the defendant ($599,985.00 in U.S. Currency, and $318,655.30 from Two Bank of America Bank Accounts (07-DEA-482646, 07-DEA-484278, 07-DEA-486974, and 07-DEA-486979)).

Dennis Timmins (213) 621-7086

| Signature of Attorney other Originator requesting service on behalf of: ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (213) 894-2569 | DATE 11/16/07 |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. 12 | District to Serve No. 2 | Signature of Authorized USMS Deputy or Clerk | Date 11/21/07 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☑ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date 11/21/07 Time 12:30 ☐ am ☑ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS: Seized $499,985.00; 07-DEA-482646, $100,000.00; 07-DEA-484278, $273,606.89; 07-DEA-486974, & $45,048.41; 07-DEA-486979 AS CV07-7194 on 11/21/07.

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

DOCKETED ON CM
DEC 18 2007
BY _____ 014

Form USM-285
Rev. 12/15/80
Automated 01/00

```
 1   THOMAS P. O'BRIEN
     United States Attorney
 2   CHRISTINE C. EWELL
     Assistant United States Attorney
 3   Chief, Criminal Division
     STEVEN R. WELK
 4   Assistant United States Attorney
     Chief, Asset Forfeiture Section
 5   VICTOR A. RODGERS
     Assistant United States Attorney
 6   Asset Forfeiture Section
     United States Attorney's Office
 7   California Bar Number 101281
          U.S. Courthouse, 14th Floor
 8        312 N. Spring Street
          Los Angeles, CA 90012
 9        Telephone: (213) 894-2569
          Facsimile: (213) 894-7177
10        Email: Victor.Rodgers@usdoj.gov

11   Attorneys for Plaintiff
     United States of America
12

13                  UNITED STATES DISTRICT COURT

14             FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                       WESTERN DIVISION

16                                    CV07-07194 GW
     UNITED STATES OF AMERICA,      )   CV
17                                  )
               Plaintiff,           )   WARRANT
18                                  )
               v.                   )
19                                  )
     $599,985.00 IN U.S. CURRENCY,  )
20   $318,655.30 IN BANK FUNDS      )
     SEIZED FROM TWO BANK OF AMERICA)
21   ACCOUNTS AND ONE 2007 ROLLS    )
     ROYCE PHANTOM,                 )
22                                  )
               Defendants.          )
23   _____)

24

25        TO: UNITED STATES MARSHALS SERVICE, CENTRAL DISTRICT OF

26   CALIFORNIA:

27        A complaint having been filed in this action,

28        IT IS ORDERED that you seize the Defendants, $599,985.00 in
```

1  U.S. Currency, $318,655.30 in Bank Funds Seized from Two Bank of

2  America Accounts and One 2007 Rolls Royce Phantom, and cause the

3  same to be detained in your custody, or in the custody of a

4  Substitute Custodian, until further notice of the Court, and that

5  you give due notice to all interested persons that they must file

6  their Claims and Answers with the Clerk of this Court within the

7  time allowed by law.

8      YOU ARE FURTHER ORDERED to file this process in this Court

9  with your return promptly after execution.

10     DATED:    **NOV - 2 2007**

11                              SHERRI R. CARTER, Clerk

12                              _Kendra Bradshaw_

13                              Deputy Clerk

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1   LISA D. ANGELO  (S.B. #229000)
    MARTIN F. MCMAHON & ASSOCIATES
2   1150 Connecticut Ave. N.W.
    Suite 900
3   Washington, DC 20036
    Telephone: (202) 862-4356
4   Facsimile: (202) 828-4130
5   Attorneys for CLAIMANT ZHIENLI YE GON on
    behalf of $599,985.00 in U.S. Currency,
6   $318,655.30 in Bank Funds Seized From Two Bank
    of America Accounts and One 2007 Rolls Royce
7   Phantom.

```
                   FILED
          CLERK, U.S. DISTRICT COURT

              DEC 2 4 2007
                 4:00
       CENTRAL DISTRICT OF CALIFORNIA
       BY            JC        DEPUTY
```

8             **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10   UNITED STATES OF AMERICA,     Case No. 07-CV-07194 GW (JCx)

11           Plaintiff,       **VERIFIED STATEMENT OF**
                          **ZHENLI YE GON'S INTEREST IN**
12            v.             **THE DEFENDANT PROPERTIES**

13   $599,985.00 IN U.S. CURRENCY,
    $318,655.30 IN BANK FUNDS
14   SEIZED FROM TWO BANK OF
    AMERICA ACCOUNTS AND ONE
15   2007 ROLLS ROYCE PHANTOM

16           Defendants.

17

18       COMES NOW Claimant Zhenli Ye Gon ("Claimant") through undersigned

19   counsel and for good cause shown, hereby asserts an interest in or right against the above-

20   captioned defendant properties pursuant to Rule G of the Supp. Rules for Admiralty or

21   Maritime Claims and Asset Forfeiture Actions (Rule G); Rule C(6)(a)(i)(A) or (B)

22   and C(6)(a)(ii).  The Claimant, as owner and operator of a legitimate pharmaceutical

23   company named "UNIMED" asserts that the above-noted properties are proceeds from

24   legitimate business activity and are not subject to forfeiture as alleged by the Government

25   in its Complaint for forfeiture in rem.  Thus, at the time of the seizure the Claimant had an

26   "ownership" interest and thereby submits this statement.  The Claimant further submits

27   that undersigned counsel is authorized to make this claim on his behalf.

```
          DOCKETED ON CM

             DEC 2 8 2007

          BY          014
```

28

            VERIFIED STATEMENT OF ZHENLI YE GON'S INTEREST IN THE
                            DEFENDANT PROPERTIES

1

2

3       Dated: 21TH day of December 2007,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED

**MARTIN McMAHON & ASSOCIATES**

_____

Lisa D. Angelo, S.B. #: 229000
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC  20036
Tel:  (202) 862-4356
Fax:  (202) 828-4130
langelo@martinmcmahonlaw.com

VERIFIED STATEMENT OF ZHENLI YE GON'S INTEREST IN THE
DEFENDANT PROPERTIES

1

## PROOF OF SERVICE

2      I am over the age of 18 and not a party to the within action. I am employed by the

3    office of Martin F. McMahon and Associates. My business address is 1150 Connecticut

4    Avenue, N.W., Suite 900, Washington, D.C. 20036.

5      On <u>December 21, 2007</u>, I served a VERIFIED STATEMENT OF ZHENLI YE

6    GON'S INTEREST IN THE DEFENDANT PROPERTIES on each person or entity

7    named below by enclosing a copy in an envelope addressed as shown below and placing

8    the envelope for collection and mailing via United States Postal Service Certified Mail on

9    the date and at the place shown below following our ordinary office practices.

10    Victor A. Rodgers, Esq.
      Assistant U.S. Attorney
11    Asset Forfeiture Section
      Federal Courthouse, 14th Floor
12    312 North Spring Street
      Los Angeles, CA 90012
13    *Attorney for Plaintiff United States*

14      I readily familiar with the practice of this office for collection and processing

15    correspondence for mailing. On the same day that correspondence is placed for collection

16    and mailing, it is deposited in the ordinary course of business with the United States

17    Postal Service in a sealed envelope with postage fully prepaid.

18      I declare under penalty of perjury under the laws of the United States of America

19    that the foregoing is true and correct.

20      I declare that I am employed in the office of a member of the bar of this court at

21    whose direction the service was made.

22    Executed on: <u>December 21, 2007</u> at Washington, D.C.

23

24

Christine Hilgeman

25

26

27

28

3

VERIFIED STATEMENT OF ZHENLI YE GON'S INTEREST IN THE
DEFENDANT PROPERTIES

1    LISA D. ANGELO  (S.B. #229000)
     MARTIN F. MCMAHON & ASSOCIATES
2    1050 Connecticut Ave. N.W.
     Suite 900
3    Washington, DC 20036
     Telephone: (202) 862-4656
4    Facsimile: (202) 828-4130

5    Attorneys for CLAIMANT ZHIENLI YE GON on
     behalf of $599,985.00 in U.S. Currency,
6    $318,655.30 in Bank Funds Seized From Two Bank
     of America Accounts and One 2007 Rolls Royce
7    Phantom.

```
                    FILED
          CLERK U.S. DISTRICT COURT

              DEC 2 4 2007
                 5: 00
      CENTRAL DISTRICT OF CALIFORNIA
      BY      N        DEPUTY
```

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10   UNITED STATES OF AMERICA,          |   Case No. 07-CV-07194 GW (JCx)

11              Plaintiff,              |   **ANSWER**

12        v.

13   $599,985.00 IN U.S. CURRENCY,
     $318,655.30 IN BANK FUNDS
14   SEIZED FROM TWO BANK OF
     AMERICA ACCOUNTS AND ONE
15   2007 ROLLS ROYCE PHANTOM

16              Defendants.

17

18        Claimant Zheinli Ye Gon hereby answers the Government's Complaint for

19   Forfeiture on behalf of Defendant $599,985.00 in United States Currency, $318,655.30 In

20   Bank Funds Seized From Two Bank Of America Accounts And One 2007 Rolls Royce

21   Phantom (hereinafter referred to as "Defendant") and pursuant to Fed. R. Civ. P. 7.

22              **JURISDICTION AND VENUE**

23        Claimant answers on behalf of the Defendant properties as follows:

24   1.  Defendant neither admits nor denies the contents of paragraph 1 of the

25        Government's complaint.

26   2.  Defendant admits that this court has jurisdiction.

```
          DOCKETED ON CM

            DEC 2 8 2007
                              014
       BY
```

27

28

───────────────────────────────────────
                    ANSWER

3. Defendant objects to venue on the ground of inconvenience of the parties and witnesses and seeks transfer in the interest of justice, pursuant to 28 U.S.C. § 1404, to the District Court in the District of Columbia.

### PERSONS AND ENTITIES

4. Defendant admits that the plaintiff in this action is the United States of America.

5. Defendant admits that it has been named in this case but lacks sufficient information to admit or deny the allegations contained in paragraph 5.

6. Defendant admits that it has been named in this case but lacks sufficient information to admit or deny the allegations contained in paragraph 6.

7. Defendant admits that it has been named in this case but lacks sufficient information to admit or deny the allegations contained in paragraph 7.

### BASIS FOR FORFEITURE

8. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 8.

9. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 9.

10. Defendant admits in part and denies in part the contents of paragraph 10.

11. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 11.

12. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 12.

13. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 13.

14. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 14.

15. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 15.

2

16. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 16.

17. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 17.

18. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 18.

19. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 19.

20. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 20.

21. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 21.

22. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 22.

23. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 23.

24. Defendant admits in part and denies in part the allegations in paragraph 24.

25. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 25.

26. Defendant admits in part and denies in part the allegations in paragraph 26.

27. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 27.

28. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 28.

29. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 29.

30. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 30.

3

31. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 31.

32. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 32.

33. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 33.

34. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 34.

35. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 35.

36. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 36.

37. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 37.

38. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 38.

39. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 39.

40. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 40.

41. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 41.

42. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 42.

43. Defendant does not possess sufficient information to admit or deny the allegations in paragraph 40.

4

1

## FIRST CAUSE OF ACTION

2      44. The Claimant responds as stated previously.

3      45. The allegation contained in paragraph 45 of the Government's Complaint

4          constitutes a conclusion of law to which no response is required. To the extent a

5          response is required, the allegation is denied.

6

## SECOND CAUSE OF ACTION

7      46. The Claimant responds as stated previously.

8      47. The allegation contained in paragraph 47 of the Government's Complaint

9          constitutes a conclusion of law to which no response is required. To the extent a

10         response is required, the allegation is denied.

11

## THIRD CAUSE OF ACTION

12     48. The Claimant responds as stated previously.

13     49. The allegation contained in paragraph 49 of the Government's Complaint

14         constitutes a conclusion of law to which no response is required. To the extent a

15         response is required, the allegation is denied.

16

## FOURTH CAUSE OF ACTION

17     50. The Claimant responds as stated previously.

18     51. The allegation contained in paragraph 51 of the Government's Complaint

19         constitutes a conclusion of law to which no response is required. To the extent a

20         response is required, the allegation is denied.

21

## AFFIRMATIVE DEFENSES:

22     Claimant hereby asserts the following affirmative defenses:

23     1. Forfeiture of the defendant currency by the Claimant in this case violates the

24        Excessive Fines Clause of the Eighth Amendment.

25

## JURY DEMAND

26     The Claimant hereby requests a jury trial.

27

28

5

1

2

3

4    Dated 2\TH day of December 2007,

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED

**MARTIN McMAHON & ASSOCIATES**

Lisa D. Angelo, S.B. #. 229000
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC 20036
Tel: (202) 862-4356
Fax: (202) 828-4130
langelo@martinmcmahonlaw.com

6

ANSWER

1

## PROOF OF SERVICE

2      I am over the age of 18 and not a party to the within action.  I am employed by the

3   office of Martin F. McMahon and Associates.  My business address is 1150 Connecticut

4   Avenue, N.W., Suite 900, Washington, D.C. 20036.

5      On <u>December 21, 2007</u>, I served an ANSWER on each person or entity

6   named below by enclosing a copy in an envelope addressed as shown below and placing

7   the envelope for collection and mailing via United States Postal Service Certified Mail on

8   the date and at the place shown below following our ordinary office practices.

9   Victor A. Rodgers, Esq.
    Assistant U.S. Attorney
10  Asset Forfeiture Section
    Federal Courthouse, 14th Floor
11  312 North Spring Street
    Los Angeles, CA 90012
12  *Attorney for Plaintiff United States*

13     I readily familiar with the practice of this office for collection and processing

14  correspondence for mailing.  On the same day that correspondence is placed for collection

15  and mailing, it is deposited in the ordinary course of business with the United States

16  Postal Service in a sealed envelope with postage fully prepaid.

17     I declare under penalty of perjury under the laws of the United States of America

18  that the foregoing is true and correct.

19     I declare that I am employed in the office of a member of the bar of this court at

20  whose direction the service was made.

21  Executed on:  <u>December 21, 2007</u> at Washington, D.C.

22

23                                      Christine Hilgeman

24

25

26

27

28

7

ANSWER

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 07-7194-GW(JCx)                                    Date   December 28, 2007

Title      United States of America v. $599,985.00 in U.S. Currency et al

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

None Present                                         None Present

**PROCEEDINGS (IN CHAMBERS):    COURT ORDER**

On the Court's own motion, a Scheduling Conference is set for **February 21, 2008 at 8:30 a.m.**
Counsel are reminded of their obligations to disclose information, confer on a discovery plan, and report
to the Court, as required by F.R.C.P. 26 and the Local Rules of this Court. Trial counsel are ordered to
be present. A Joint 26(f) Report shall be filed with the Court not later than February 7, 2008.

Plaintiff's counsel is directed to give notice of the scheduling conference to all parties that have
appeared in this action, and is directed to give notice of the scheduling conference immediately to each
party that makes an initial appearance in the action after this date.


IT IS SO ORDERED.



Initials of Preparer    JG

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"* #8

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | CV 07-7194 GW (JCx) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds, et al. | Complaint/ Notice/ Warrant |

SERVE AT {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

AUSA VICTOR RODGERS
U.S. COURTHOUSE
312 N. SPRING STREET, 14TH FLOOR
LOS ANGELES, CA 90012

| | |
|---|---|
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

FILED
2008 JAN -2 AM 11: 37
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

CATS ID No.: 07-DEA-482070, 07-DEA-482646, 07-DEA-484278, 07-DEA-486974, 07-DEA-48697

Please seize the defendant (2007 Rolls Royce Phantom (07-DEA-482070)).

Dennis Timmins (213) 621-7086

| Signature of Attorney other, Originator requesting service on behalf of: | ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (213) 894-2569 | DATE 11/16/07 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted.)* | Total Process | District of Origin No. 12 | District to Serve No. 12 | Signature of Authorized USMS Deputy or Clerk | Date 11/21/07 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

| Address *(complete only different than shown above)* | Date 11/ | Time 2:00 | ☐ am ☐ pm |
|---|---|---|---|
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00



ORIGINAL

1  LISA D. ANGELO  (S.B. #229000)
   MARTIN F. MCMAHON & ASSOCIATES
2  1150 Connecticut Ave. N.W.
   Suite 900
3  Washington, DC 20036
   Telephone: (202) 862-4356
4  Facsimile: (202) 828-4130

5  Attorneys for CLAIMANT ZHIENLI YE GON on
   behalf of $599,985.00 in U.S. Currency,
6  $318,655.30 in Bank Funds Seized From Two Bank
   of America Accounts and One 2007 Rolls Royce
7  Phantom.

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 4 2007
4:00

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | Case No. 07-CV-07194 GW (JCx) |
| 11                    Plaintiff, | **NOTICE OF ZHENLI YE GON'S WITHDRAWL OF NOTICE OF RELATED CASE** |
| 12            v. | |
| 13  $599,985.00 IN U.S. CURRENCY, $318,655.30 IN BANK FUNDS | |
| 14  SEIZED FROM TWO BANK OF AMERICA ACCOUNTS AND ONE | |
| 15  2007 ROLLS ROYCE PHANTOM | |
| 16            Defendants. | |

17

18          TO ALL PARTIES AND ATTORNEYS OF RECORD:  Pursuant to L.R. 7-

19  16, <u>Advance Notice of Withdrawal or Non-Opposition</u>, Zhenli Ye Gon hereby

20  withdraws the notice of related case filed on or about December 6, 2007.

21

22  Dated: December 19, 2007                    MARTIN F. MCMAHON &

23                                                          ASSOCIATES

24

25                                              By:
                                                Lisa D. Angelo
26                                              Attorney for ZHEINLI YE GON

27

28

DOCKETED ON CM

JAN 1 4 2007

BY _____ 014

---

NOTICE OF ZHEINLI YE GON'S WITHDRAWL OF NOTICE OF
RELATED CASE

1

## PROOF OF SERVICE

2      I am over the age of 18 and not a party to the within action.  I am employed

3  by the office of Martin F. McMahon and Associates.  My business address is

4  1150 Connecticut Avenue, N.W., Suite 900, Washington, D.C. 20036.

5      On December 19, 2007, I served a NOTICE OF ZHENLI YE GON'S

6  WITHDRAWAL OF NOTICE OF RELATED CASE on each person or entity

7  named below by enclosing a copy in an envelope addressed as shown below and

8  placing the envelope for collection and mailing via United States Postal Service

9  Certified Mail on the date and at the place shown below following our ordinary

10  office practices.

11  Victor A. Rodgers, Esq.
   Assistant U.S. Attorney
12  Asset Forfeiture Section
   Federal Courthouse, 14th Floor
13  312 North Spring Street
   Los Angeles, CA 90012
14  *Attorney for Plaintiff United States*

15      I readily familiar with the practice of this office for collection and

16  processing correspondence for mailing.  On the same day that correspondence is

17  placed for collection and mailing, it is deposited in the ordinary course of business

18  with the United States Postal Service in a sealed envelope with postage fully

19  prepaid.

20      I declare under penalty of perjury under the laws of the United States of

21  America that the foregoing is true and correct.

22      I declare that I am employed in the office of a member of the bar of this

23  court at whose direction the service was made.

24  Executed on:  December 19, 2007 at Washington, D.C.

25

26

27

28

Lauren D'Agostino

2

MOTION AND NOTICE THEREOF: 12(b)(2) AND 12(b)(3)

1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  VICTOR A. RODGERS
   California Bar No. 101281
6  Assistant United States Attorney
   Asset Forfeiture Section
7      Federal Courthouse, 14th Floor
       312 North Spring Street
8      Los Angeles, California 90012
       Telephone:  (213) 894-2569
9      Facsimile:  (213) 894-7177
       E-mail: Victor.Rodgers@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                 UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                       WESTERN DIVISION

15 UNITED STATES OF AMERICA,   )    No. CV 07-7194 GW(JCx)
                               )
16         Plaintiff,          )    STIPULATION AND REQUEST TO
                               )    VACATE FEBRUARY 21, 2008
17         v.                  )    SCHEDULING CONFERENCE AND
                               )    TRANSFER ACTION TO UNITED
18 $599,985.00 IN U.S.         )    STATES DISTRICT COURT FOR THE
   CURRENCY, $318,655.30 IN    )    DISTRICT OF COLUMBIA
19 BANK FUNDS SEIZED FROM TWO  )
   BANK OF AMERICA ACCOUNTS    )    [PROPOSED ORDER THEREON LODGED
20 AND ONE 2007 ROLLS ROYCE    )    UNDER SEPARATE COVER]
   PHANTOM,                    )
21                             )
                               )
22         Defendants.         )
   _____)
23                             )
   ZHENLI YE GON,              )
24                             )
           Claimant.           )
25 _____)

26     WHEREAS, Plaintiff United States of America filed this in rem

27 civil forfeiture action on November 2, 2007 against defendants

28 $599,985.00 in U.S. Currency, $318,655.30 in Bank Funds Seized From

/2

1  Two Bank of America Accounts and One 2007 Rolls Royce Phantom

2  (collectively, the "defendants"), which are assets the government

3  seized in California (Docket No. 1);

4      AND WHEREAS, claimant Zheneli Ye Gon ("Ye Gon") on or about

5  December 24, 2007 filed a statement of interest/claim to the

6  defendants (Docket No. 6) and an answer to the Complaint (Docket

7  No. 7);

8      AND WHEREAS, no parties other than plaintiff United States of

9  America and Ye Gon have appeared in this action;

10      AND WHEREAS, by minute order dated December 28, 2007, the

11  Court set a Scheduling Conference for February 21, 2008 at 8:30

12  a.m. (Docket No. 8);

13      AND WHEREAS, the instant action raises matters which are also

14  likely at issue in the following three cases currently pending

15  before the Honorable Emmet G. Sullivan in the United States

16  District Court for the District of Columbia:

17         1.  The criminal case entitled United States v. Zhenli

18  Ye Gon, Case No. 07-CR-181 (EGS), in which Ye Gon is a defendant.

19  A copy of the Indictment, which includes a criminal forfeiture

20  count against all assets derived from Ye Gon's narcotics

21  trafficking activity, filed on or about July 26, 2007 in that case

22  is attached hereto as Exhibit A;

23         2.  The criminal case entitled United States v. Michele

24  Wong, Case No. 07-CR-211 (EGS), in which Michele Wong, whose

25  interviews with the government are referred to in paragraphs 24

26  through 34 of the Complaint in the instant action, is a defendant.

27  A copy of the Indictment, which includes a criminal forfeiture

28  count against all assets derived from Wong's money laundering

2

1 | activity, filed on or about August 21, 2007 in that case is
2 | attached hereto as Exhibit B;

3 |       3.   The civil forfeiture case entitled <u>United States v.</u>
4 | <u>2004 Lamborghini Murcielago, et al.</u>, Case No. 07-CV-1512 (EGS), in
5 | which Ye Gon has filed a Notice of Appearance as a claimant.  A
6 | copy of the Complaint, in which the government has named other
7 | assets it alleges are subject to forfeiture on grounds they
8 | represent proceeds of Ye Gon's drug trafficking activity, filed on
9 | or about August 24, 2007 in that action is attached hereto as
10 | Exhibit C;

11 |    AND WHEREAS, 28 U.S.C. Section 1404 provides that a district
12 | court may transfer a civil action to any other district where it
13 | might have been brought for the convenience of parties and
14 | witnesses and in the interests of justice, and the government does
15 | not oppose the transfer of this action to the United States
16 | District Court for the District of Columbia where other actions
17 | involving Ye Gon are pending;

18 |    NOW, THEREFORE, the parties hereby stipulate and respectfully
19 | request that the Court (1) vacate the Scheduling Conference
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

<div align="center">3</div>

1 | presently set for February 21, 2008 at 8:30 a.m.; and (2) transfer

2 | the instant action to the United States District Court for the

3 | District of Columbia.

4 |

5 | DATED: February 7, 2008        THOMAS P. O'BRIEN
                                   United States Attorney
6 |                               CHRISTINE C. EWELL
                                   Assistant United States Attorney
7 |                               Chief, Criminal Division
                                   STEVEN R. WELK
8 |                               Assistant United States Attorney
                                   Chief, Asset Forfeiture Section
9 |

10 |

11 |                              VICTOR A. RODGERS
                                   Assistant United States Attorney
12 |

13 |                              Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

14 |

15 | DATED: February 5, 2008       MARTIN McMAHON & ASSOCIATES

16 |

17 |                              LISA D. ANGELO

18 |                              Attorneys for Claimant
                                   ZHENLI YE GON
19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 07 - 181 |
| | ) | Mag No. 07-301 |
| v. | ) | GRAND JURY ORIGINAL |
| | ) | |
| ZHENLI YE GON | ) | VIOLATIONS: |
| | ) | |
| Defendant. | ) | 21 U.S.C. §963 and 959 |
| | ) | Conspiracy to Aid and Abet |
| | ) | The Manufacture of 500 |
| | ) | Grams or More of |
| | ) | Methamphetamine |
| | ) | Knowing or |
| | ) | Intending that It Will |
| | ) | Be Unlawfully Imported |
| | ) | Into The United States |
| | ) | 18 U.S.C. §2 |
| | ) | 21 U.S.C. §853 |
| | ) | 21 U.S.C. §970 |
| | ) | (Forfeiture) |

SULLIVAN, J. EGS

B

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

FILED IN OPEN COURT

JUL 2 6 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

From in or about 1999, the exact date being unknown to the Grand Jury, and

continuing thereafter up to and including the date of the filing of this Indictment, in the

countries of Mexico, El Salvador, the United States, and elsewhere, the defendant,

ZHENLI YE GON, and others known and unknown to the Grand Jury, did unlawfully,

knowingly, and intentionally combine, conspire, confederate, and agree with each other,

and with other co-conspirators unknown to the Grand Jury, to commit the following

EXHIBIT "A"

offense against the United States:  to aid and abet in the manufacture of 500 grams or

more of a mixture and substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, intending and knowing that it would be unlawfully

imported into the United States from Mexico, and elsewhere, outside of the

United States, in violation of Title 21, United States Code, Sections 959 and 960. All in

Violation of Title 21, United States Code, Sections 959, 963 and 960, and Title 18,

United States Code, Section 2.

## FORFEITURE ALLEGATION

Upon conviction of the criminal violations alleged in Count 1 of this Indictment,

said offenses being punishable by imprisonment for more than one year, the defendant,

ZHENLI YE GON, shall forfeit to the United States, pursuant to Title 21, United States

Code, Sections 853 and 970, any and all respective right, title, or interest which the

defendant may have in:

(1)    any and all money and/or property constituting, or derived from, any proceeds
which said defendants obtained, directly or indirectly, as the result of the
violations alleged in Count 1 of this Indictment; and

(2)    any and all property used, or intended to be used, in any manner or
part, to commit, or to facilitate the commission of, the violations
alleged in Count 1 of this Indictment, together with all interest and
proceeds traceable thereto, in that said property constitutes or was
derived from proceeds said defendants obtained as a result of the
violations charged in Count 1 of the Indictment, and is property
which was used or intended to be used to facilitate said violations:

If any of the above described forfeitable property, as a result of any act or omission of the

defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third party;
(c)    has been placed beyond the jurisdiction of the Court;
(d)    has been substantially diminished in value; or

6

(e)    has been commingled with other property which cannot be
         subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of the defendants up to the value of the

property described in paragraphs 1 and 2 above.

(Criminal Forfeiture, pursuant to Title 21, United States Code, Sections 853 and 970).

A TRUE BILL:

_____
FOREPERSON.

Kenneth A. Blanco, Chief
Narcotic and Dangerous Drug Section
Criminal Division, Department of Justice
1400 New York Avenue, N.W.
Bond Building
Washington, D.C. 20005

By:    _____
         Wanda G. Dixon
         Trial Attorney
         Criminal Division, Narcotic and Dangerous Drug Section
         Department of Justice
         1400 New York Avenue, N.W.
         Bond Building
         Washington, D.C. 20005
         Telephone: (202)514-1286

By:    _____
         Paul Laymon
         Trial Attorney
         Criminal Division, Narcotic and Dangerous Drug Section
         Department of Justice
         1400 New York Avenue, N.W.
         Bond Building
         Washington, D.C. 20005
         (202)514-1286

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Holding a Criminal Term
Grand Jury Sworn in on

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. **07 - 211** |
| | ) | Mag No: 07-307 |
| V. | ) | GRAND JURY ORIGINAL |
| | ) | |
| MICHELE WONG | ) | 18 U.S.C. §1956(h) |
| | ) | Conspiracy to Engage in Monetary |
| | ) | Transactions in Property Derived |
| | ) | from Specified Unlawful Activity |
| | ) | 18 U.S.C. 1957 |
| | ) | Engaging in Monetary Transactions |
| | ) | in Property Derived from Specified |
| | ) | Unlawful Activity |
| | ) | 18 U.S.C. 982 |
| | ) | Criminal Forfeiture |
| | ) | 18 U.S..C. §2 |
| Defendant. | ) | |

**SULLIVAN, J. EGS**

**B**

**INDICTMENT**

**FILED IN OPEN COURT**

The Grand Jury charges that:

AUG 2 1 2007

**COUNT ONE
CONSPIRACY**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

Beginning on or about May 2006 and continuing thereafter up to and including the date of

the filing of this Indictment, within the United States, and elsewhere, the Defendant, MICHELE

WONG and others know and unknown to the Grand Jury, did unlawfully and knowingly

combine, conspire, confederate and agree together and with each other, and with others known

and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code,

Sections 1956 and 1957, as follows: to knowingly engage, attempt to engage and cause and aid

and abet others in engaging in monetary transactions in criminally derived property that was of a

value greater than $10,000, in violation of 18 U.S.C. 1957. The manner and means of such

Related To  07-181

8

**EXHIBIT "B"**

conspiracy include, but are not limited to, counts two through ten of this indictment.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 2-10

On or about the dates set forth below, in the District of Nevada, and elsewhere, the

defendant, MICHELE WONG, as set forth below, did knowingly engage and attempt to engage

and did aid, abet, counsel, command, induce and procure and cause the engaging and attempts to

engage in the following monetary transactions by, through or to a financial institution, affecting

interstate and foreign commerce, in criminally derived property of a value greater than $10,000,

that is the exchange of funds and monetary instruments, such property having been derived from

a specified unlawful activity, that is, Title 21, United States Code, Sections 959, 960 and 963.

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 2 | July 26, 2006 | Wong transferred $550,000 she received from Unimed into her Citibank money market account #151875572 |
| 3 | July 28, 2006 | Wong purchased cashier's check# 103985883 totaling $858,444.94 from her Citibank account# 151875572 payable to Countrywide Home Loans |
| 4 | on or about July 28, 2006 | Wong paid off the remainder of the mortgage for 2290 Casa Bella Court with cashier's check# 103985883 totaling $858,444.94 from her Citibank account# 151875572 payable to Countrywide Home Loans |
| 5 | August 15, 2006 | Wong transferred $300,000 she received from Unimed into her Citibank e-savings account # 152070827 |
| 6 | September 8, 2006 | Wong transferred $200,000 she received from Unimed to her Citibank e-savings account # 152070827 |
| 7 | October 20, 2006 | Wong transferred $471,263 she received from Unimed to her Citibank e-savings account # |

152070827

| 8 | November 9, 2006 | Withdrawal of $20,000 |
| 9 | November 9, 2006 | $20,000 cash down payment to Fletcher Jones Imports for the purchase of a 2007 Mercedes Benz GL450 |
| 10 | November 9, 2006 | Wong transferred check for $18,222.02 to Fletcher Jones Imports for the purchase a 2007 Mercedes Benz GL450 |

All in violation of Title 18, United States Codes, Sections 1957 and 2.

## FORFEITURE ALLEGATION

1. Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the offenses set forth in Counts 1 through 10 shall forfeit to the United States the following property:

a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1957, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: (1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1957; (2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and (3) all property used in any manner or part to commit or to facilitate the commission of those violations. Such property includes, but is not limited to, the land and structure located at 2290 Casa Bella Court, Las Vegas, Nevada 89117, a 2004 Lamborghini Murcielago VIN # ZHWBU16S64LA01275, $6,100.00 in United States currency, a 2007 Mercedes Benz S-550 VIN #WDDNG71X07A086619, a 2007 Mercedes Benz GL 450 VIN # 4JGBF71E87A191614, Citibank Checking Account #151875564 containing $2,569.04, Citibank Checking Account #152070827 containing $485,952.00, Wells Fargo Check 0648300450 containing $191,971.74

from Account 6294596132.

b. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. Pursuant to Title 21, United States Code, Section 835(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:

FOREPERSON.

Richard Weber, Chief
Asset Forfeiture and
    Money Laundering Section
Criminal Division,
Department of Justice
1400 New York Avenue, N.W.

Bond Building
Washington, DC 20005

By:    _____
Robert Stapleton, NY Bar #4076568
Linda M. Samuel, DC Bar #388970
Criminal Division,
Asset Forfeiture and
    Money Laundering Section
Department of Justice
1400 New York Ave., NW
Bond Building
Washington, DC 20005
Telephone: (202)514-1263

12

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

</div>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | |
| **2004 LAMBORGHINI MURCIELAGO VIN # ZHWBU16S64LA01275;** | ) ) | |
| **$6,100.00 in UNITED STATES CURRENCY;** | ) | |
| **2007 MERCEDES BENZ S-550 VIN #WDDNG71X07A086619;** | ) ) | **Civil Action No. _____** |
| **2007 MERCEDES BENZ GL 450 VIN # 4JGBF71E87A191614;** | ) ) | |
| **CITIBANK CHECKING ACCOUNT #151875564 CONTAINING $2,569.04 (more or less);** | ) ) ) | |
| **CITIBANK CHECKING ACCOUNT #152070827 CONTAINING $485,952.00 (more or less);** | ) ) ) | |
| **WELLS FARGO CHECK 0648300450 for $191,971.74 from ACCOUNT 6294596132,** | ) ) ) | |
| **Defendants.** | ) | |

<div align="center">

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

</div>

The United States of America, by and through Richard Weber, Chief of the Asset Forfeiture and Money Laundering Section, U.S. Department of Justice, Linda Samuel, Deputy Chief, and Robert Stapleton, Trial Attorney, in a civil cause for forfeiture, respectfully states as follows:

<div align="center">

**NATURE OF THE ACTION AND DEFENDANTS IN REM**

</div>

1.     This is a civil *in rem* action to enforce the provisions of Title 18, United States Code, Section 981 and Title 21, United States Code, Section 881, in order to condemn and forfeit to the exclusive use and benefit of the United States of America the following properties ("the Defendant Properties"): (a) 2004 Lamborghini Murcielago VIN # ZHWBU16S64LA01275; (b) $6,100.00 in United States currency; (c) 2007 Mercedes Benz S-550 VIN #WDDNG71X07A086619; (d) 2007 Mercedes Benz GL 450 VIN # 4JGBF71E87A191614; (e) Citibank Checking Account #151875564 containing approximately $2,569.04, plus interest; (f) Citibank Checking Account #152070827

13

**EXHIBIT "C"**

1  containing approximately $485,952.00, plus interest; and, (g) Wells Fargo Check 0648300450 for

2  $191,971.74 from Account 6294596132.

3  **JURISDICTION**

4  2.    This Court has subject matter jurisdiction over this action pursuant to Title 28, United

5  States Code, Sections 1345 (district courts have original jurisdiction of all civil cases commenced by

6  the United States) and 1355 (district courts have original jurisdiction of any action for forfeiture).  In

7  addition, this court has *in rem* jurisdiction over the Defendant Properties because a Warrant of Arrest

8  in Rem for the Property will be issued by the clerk of the court, which will be executed upon the

9  Defendant Properties and returned to the Court.

10  **VENUE**

11  3.    Venue in the District of Columbia is proper pursuant to Title 18, United States Code,

12  Section 981(h), Title 21, United States Code 881(j) and Title 28, United States Code, Section 1395

13  because the District of Columbia is the district in which the related criminal cases of <u>United States v.</u>

14  <u>Michele Wong</u>, Crim. No. 07-211 and <u>United States v. Zhenli Ye</u>, Crim. No. 07-181 are currently

15  being prosecuted.

16  **FACTUAL BASIS FOR FORFEITURE**

17  4.    On or about March 22, 2007, pursuant to federal seizure warrants, Defendant

18  Properties 2004 Lamborghini Murcielago VIN # ZHWBU16S64LA01275, $6,100.00 in United States

19  Currency, 2007 Mercedes Benz S-550 VIN #WDDNG71X07A086619, and 2007 Mercedes Benz GL

20  450 VIN # 4JGBF71E87A191614, were seized from 2290 Casa Bella Court, Las Vegas, Nevada, by

21  duly authorized officers of the United States Drug Enforcement Administration ("DEA").  On or about

22  April 4, 2007, pursuant to federal seizure warrants, Defendant Properties Citibank Checking Account

23  #151875564 (containing $2,569.04 more or less), and Citibank Checking Account #152070827

24  (containing $485,952.00 more or less) were seized in the District of Nevada. On April 13, 2007, Wah-

25  Ling Hui voluntarily surrendered $191,971.74, consisting of funds drawn from Wells Fargo Check

26  0648300450. Ever since the seizure, the Defendant Properties have remained in the care, custody, and

1    control of the United States Marshals Service, Las Vegas, Nevada.

2        5.    The Defendant Properties were subject to administrative summary forfeiture

3    proceedings conducted by the DEA. However, Michele Wong and Zhenli Ye Gon filed claims on July

4    20, 2007, and July 19, 2007, respectively, for the funds contained in the Defendant bank accounts.

5    Wong filed claims against the three Defendant captioned vehicles on May 25, 2007, and she also filed

6    a claim for the Defendant $6,100 in United States Currency on June 26, 2007.

7        6.    The values of the Defendant Properites are as follows:  Lamborghini - US

8    $198,800.00; Currency US $6,100; Mercedes Benz S-550 - US $80,523.00; Mercedes Benz GL 450 -

9    $51,832.00; Citibank Checking Account #151875564 - $2,569.04 (more or less); Citibank Checking

10   Account #152070827 - $485,952.00 (more or less); Wells Fargo Check 0648300450 for $191,971.74

11   from Account 6294596132.

12       7.    The DEA Mexico City Country Office (referred to as the DEA MCCO), in joint

13   cooperation with the Mexican Attorney General's Office Organized Crime Unit (referred to by its

14   Spanish acronym "PGR/SIEDO"), has been investigating the illicit importation and diversion of

15   precursor chemicals for the manufacture of methamphetamine, particularly pseudoephedrine and

16   ephedrine, by a pharmaceutical wholesaler company named UNIMED PHARMCHEM MEXICO, SA

17   DE CV (referred to as UNIMED) and its owner, Zhenli YE GON, located in Mexico City, Mexico.

18       8.    The investigation revealed that UNIMED had imported into Mexico approximately 20

19   and 29.4 metric tons of "N-Methyl-Acetylamino" on December 12, 2005, and January 6,2006,

20   respectively; and a total of 37.485 metric tons of "Hydroxy-Benzyl-N-Methyl-Acetethamine" on

21   August 28, 2006, and September 2, 2006.

22       9.    According to documentation UNIMED provided to Mexican Customs, N-Methyl-

23   Acetylamino is a pharmaceutical intermediate chemical used in analgesic product manufacture.

24   Hydroxy-Benzyl-N-Methyl-Acetethamine was also identified as a pharmaceutical intermediate;

25   however documents did not describe any specific use.

26

10.     However, according to expert information provided by trained DEA Forensic Chemists (FCs), N–Methyl-Acetylamino is a partial chemical identification name, and does not exist as it is listed on UNIMED's shipping manifests. Nor can the product be identified as an intermediate product for analgesic production. DEA FCs also stated that Hydroxy-Benzyl-N-Methyl-Acetethamine does not correspond to any known chemical.

11.     On December 5, 2006, UNIMED attempted to import 19.797 metric tons of Hydroxy-Benzyl-N-Methyl-Acetethamine that was flagged for inspection by Mexican Customs at the Pacific seaport of Lázaro Cárdenas, Mexico. A sampling of the substance conducted by the Mexican Customs' Central Laboratory identified it as N - Acetylpseudoephedrine, a derivative of pseudoephedrine/ephedrine. This is a controlled substance under Mexican federal health law, as well as Mexican federal precursor law, making it illegal for UNIMED to import.

12.     On April 26, 2007, DEA FCs and DEA Special Agent (SA) Eduardo Chavez traveled to the UNIMED manufacturing plant in Toluca, Mexico, to analyze any chemicals or residues present at the plant. This plant had been secured by Mexican authorities since the execution of a Mexican federal search warrant at that location on March 15, 2007. The DEA FCs took samples of chemical residue found in equipment and locations throughout the site, including samples that tested positive for the presence of ephedrine. It is believed the plant was used for the production of pseudoephedrine and ephedrine using an N-Acetyl derivative as the starting material.

13.     Mexican federal prosecutors and health officials told the DEA that UNIMED pharmaceutical did not have any authority to import, manufacture, distribute, or possess any pseudoephedrine or ephedrine related material after 2005.

14.     Former advisors to the Mexican Federal Commission for the Protection Against Sanitary Risks (referred to by its Spanish acronym of COFEPRIS) stated that UNIMED, as a pharmaceutical wholesaler, did not have any legal authority to import, export, manufacture, or distribute any product containing pseudoephedrine or ephedrine. COFEPRIS also indicated that all legitimate pharmaceutical laboratories operating in Mexico must go through COFEPRIS to obtain

4

16

1   permits to buy and/or sell pseudoephedrine/ephedrine.  COFEPRIS is charged with oversight and

2   regulatory control over all pseudoephedrine and ephedrine imports, exports and distribution within

3   Mexican territory.

4      15. Based on the aforementioned information, investigators concluded that YE GON and

5   UNIMED intentionally imported and manufactured pseudoephedrine/ephedrine for illegal purposes,

6   due to the fact that (1) UNIMED did not have the proper authority to import, export, distribute, or

7   possess any such product, and (2) no legitimate pharmaceutical manufacturer would risk criminal

8   liability in purchasing such products from UNIMED.  Thus, these large quantities of

9   pseudoephedrine/ephedrine must have been destined for the only other market that would

10  require such quantities: the clandestine methamphetamine manufacturing market.

11     16. Based on conversations with other law enforcement officials both in the United States

12  and Mexico, investigators know that the number of clandestine methamphetamine laboratories have

13  sky-rocketed over the past three years in Mexico, while simultaneously decreasing in the United

14  States.  This has been due to tighter international regulations on the control of precursor chemicals

15  such as pseudoephedrine and ephedrine, and aggressive law enforcement activity in the United States

16  against clandestine methamphetamine laboratories.

17     17. In 2004, Mexico undertook aggressive measures to apply existing law for precursor

18  chemicals to dampen what was suspected to be large amounts of criminal diversion, particularly

19  that of pseudoephedrine and ephedrine for clandestine methamphetamine laboratories.  While it

20  always has been illegal to import and divert pseudoephedrine and ephedrine, Mexican authorities

21  applied sections of the law that allowed only pharmaceutical laboratories, not wholesalers,

22  access to deal in pseudoephedrine and ephedrine under tight, documented regulations.  These steps

23  had the effect of creating a lucrative black market for pseudoephedrine and ephedrine amongst

24  methamphetamine manufacturers.

25     18. N-Acetylpseudoephedrine is a derivative of pseudoephedrine/ephedrine that can be

26  converted back into pseudoephedrine/ephedrine at a conservative ratio of approximately 1:0.6 (*i.e.*,

1   one pound of N-Acetylpseudoephedrine would yield 0.6 pounds of pure pseudoephedrine/ephedrine).

2   At this rate, YE GON and UNIMED's importations of suspected N-Acetylpseudoephedrine totaled

3   approximately 86.885 metric tons, which would conservatively convert into approximately 52,240

4   kilograms of pseudoephedrine/ephedrine. Based on conversations with DEA FCs, a conservative yield

5   of methamphetamine is at least 70% of the amount of pseudoephedrine/ephedrine used, thus

6   potentially producing an amount of approximately 36,568 kilograms of pure methamphetamine.

7        19.    In early March, PGR/SIEDO solicited and received authorization to execute Mexican

8   federal search warrants at YE GON's residence and UNIMED's corporate headquarters, both in

9   Mexico City, and UNIMED'S pharmaceutical plant located in Toluca, Mexico.

10        20.    Upon execution of the search warrant at YE GON's residence, PGR/SIEDO federal

11   prosecutors and agents identified $205,564,763 in U.S. Dollars, $39,010 in U.S. traveler's checks,

12   and approximately $2,000,000 (converted to U.S. Dollars) worth of various foreign currencies hidden

13   in compartments, false walls, suitcases, and closets within YE GON's residence.

14        21.    Additionally, jewelry and luxury vehicles purchased for or by YE GON were located

15   and seized, many of which included receipts indicating payment in U.S. dollars to commercial

16   establishments in the United States.  Documentation from various Las Vegas, Nevada, casinos

17   including player's club identifications and purchases from designer stores within Las Vegas casinos,

18   were located and seized.  Seven weapons were also located and seized, including multiple handguns,

19   a fully automatic AK-47 assault rifle, and multiple boxes of ammunition.

20        22.    Following the execution of the Mexican federal search warrant at UNIMED's corporate

21   headquarters, Mexican federal attorneys and agents located and seized an additional $111,000 in U.S.

22   Currency, as well as documentation regarding several bank accounts located in the United States,

23   China, and Hong Kong, as well as wire transfer confirmation pages from *casas de cambios* to banks

24   throughout the United States and Europe.

25        23.    Also found was a handwritten note addressed to YE GON in Spanish with the

26   following translated text, "Zhenli, I hope that you are fine, due to the detention of the flour, my

1 | associates and I had some problems and had to spend the three books that you provided us. I am fine

2 | now and have contact with customs. Call me to work." The note contained a cellular telephone

3 | number and was signed "Amigos".

4 |         24.        As a result of the investigation described above, information on several luxury

5 | vehicles and properties in Las Vegas, Nevada, in which YE GON was listed as the lien holder was

6 | forwarded to the DEA Las Vegas District Office for follow up investigation.

7 |         25.        As the result of this public information and further investigation by the DEA Las

8 | Vegas District Office, a State of Nevada search warrant was executed at 2290 Casa Bella Court, Las

9 | Vegas, NV, on March 22, 2007, which was associated with YE GON. Michele WONG was the listed

10 | owner of the property along with her mother, Wah-Ling HUI.

11 |         26.        WONG told DEA agents that she first met YE GON in October 2004 when she was

12 | a casino host at the Mirage Hotel and Casino in Las Vegas, NV. WONG stated that she performed

13 | host duties for YE GON while she was employed by The Mirage, and she became personal friends

14 | with YE GON during that time. WONG stated that she was fired from The Mirage in January 2005,

15 | and that she became romantically involved with YE GON in approximately February 2005. WONG

16 | stated that she has not held any other employment since she was fired from The Mirage.

17 |         27.        WONG stated that while romantically involved with YE GON, he gave her

18 | approximately one to one and a half million dollars over the course of their relationship. WONG

19 | stated that she used the money YE GON gave her to purchase jewelry, two Mercedes Benz', and her

20 | residence located at 2290 Casa Bella Court, Las Vegas, NV 89117, which was in her and her mother's

21 | names. During their relationship, WONG gave birth to a child and stated that YE GON was the father.

22 |         28.        WONG stated that she assisted YE GON with the purchase of equipment for UNIMED

23 | and the manufacturing plant YE GON owns in Toluca, México. This assistance included purchasing

24 | air conditioning units from York Industries and transformers from the MGM Corporation. WONG

25 | arranged to ship these items to YE GON in México, and YE GON wired her $500,000 USD to pay

26 | for the equipment. YE GON allowed WONG to keep any money left after the purchase of the

1  equipment. WONG stated that YE GON wired the money into her Citibank account.

2      29.    WONG stated that around May 2006, YE GON told her that a Mexican organized

3  crime group began blackmailing YE GON in México in March 2006. YE GON told WONG that the

4  group told him to cooperate with them or they would kill him and his family. According to WONG,

5  the group wanted to store cash at YE GON's residence in México City. Prior to May 2006, WONG

6  claimed that she believed YE GON's source of money was from UNIMED, his pharmaceutical

7  business. YE GON told WONG that he was not personally involved in narcotics trafficking, but the

8  people who were storing the money at his residence and threatening him were involved in narcotics

9  trafficking.

10      30.    According to WONG, the Mexican organized crime group not only wanted YE GON

11  to store the cash in his residence in Mexico City, but they also wanted YE GON to launder the money.

12  YE GON told WONG that he knew the money in his house was "dirty money" and the proceeds of

13  narcotics trafficking. YE GON stated to WONG that he continually received threats against himself

14  and his family, so he believed that he had to launder the money. YE GON told WONG that the group

15  instructed him to launder the money in Las Vegas, NV, and that he should gamble with the money and

16  purchase high value items in Las Vegas. WONG said that YE GON would frequently receive push-to-

17  talk telephone calls on his Nextel cellular telephone from the traffickers with instructions on how to

18  launder the funds. YE GON told WONG that the traffickers instructed him to use his bank accounts

19  to send the money to Las Vegas where he could launder it, and that the money in YE GON's accounts

20  at the Venetian was drug money.

21      31.    WONG stated that when she purchased her residence located at 2290 Casa Bella

22  Court, Las Vegas, NV, 89117, she used approximately $300,000 that YE GON gave her as a down

23  payment in April 2006. In addition, WONG stated that she paid off the mortgage within three months

24  (July 2006) of purchasing the residence and that she again used funds YE GON had given to her to

25  pay off the loan, knowing the funds YE GON gave her were the proceeds of crime.

26

1        32.    Title records from First American Title Company of Nevada were seized from 2290

2    Casa Bella Court that detailed the purchase of said property. According to these records, WONG

3    purchased this residence on April 24, 2006, with her mother for $1,138,000. The down payment on

4    this residence totaled $305,108. WONG and HUI obtained $853,500 in loan financing to cover the

5    purchase of this residence.

6        33.    On May 31, 2007, DEA uncovered public documents showing that WONG placed the

7    house and the land on which it sits into an irrevocable trust for the benefit of her son, Michael Ye

8    Wong and made HUI the trustee. A quitclaim deed dated April 26, 2007 signed by WONG and HUI

9    show the property was transferred to the irrevocable trust for no consideration. In the month prior to

10    WONG establishing the irrevocable trust for the real estate, the U.S. District Court of Nevada had

11    issued seizure warrants 2:07-MJ-00217-LRL, 2:07-MJ-00215-LRL, 2:07-MJ-00220-LRL, 2:07-MJ-

12    00221-LRL, 2:07-MJ-00219-LRL, 2:07-MJ-00218-LRL, and 2:07-MJ-00216-LRL for the Defendant

13    Properties consisting of personal property held by WONG, based on allegations that those assets were

14    related to, or were proceeds derived from, criminal violations discovered during this investigation.

15        34.    The Las Vegas investigation also revealed records showing that between 2004 and early

16    2007, YE GON lost approximately $125,917,839 USD in various hotels and casinos in Las Vegas.

17        35.    On July 26, 2007, a grand jury holding a criminal term in the District of Columbia

18    indicted ZHENLI YE GON for various narcotics violations, including conspiracy to aid and abet the

19    manufacture of 500 grams or more of methamphetamine knowing or intending that it will be imported

20    into the United States, violations of 21 U.S.C. §§ 959, 960, and 963.

21        36.    On August 21, 2007, a grand jury holding a criminal term in the District of Columbia

22    indicted MICHELE WONG for one count of conspiracy to engage in monetary transactions in

23    property derived from specified unlawful activity and nine counts of engaging in monetary

24    transactions in property derived from specified unlawful activity, violations of 18 U.S.C. §§ 1956(h)

25    and 1957. All of the Defendant Properties were listed in the indictment as proceeds of, or involved

26    in, the offenses charged by the Grand Jury.

**FIRST CAUSE OF ACTION**

37.    The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

38.    The Defendant Properties are proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

**SECOND CAUSE OF ACTION**

39.    The United States realleges, readopts, and reincorporates all the allegations contained in paragraphs 1 through 36 as though fully set forth herein.

40.    The Defendants Properties were involved in transactions, or attempted transactions, in violation of Sections 1956 and 1957 of Title 18, United States Code, or property traceable to such property, and are, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

**CONCLUSION**

41.    Based on the foregoing, the Defendant Properties are subject to seizure and to forfeiture to the United States of America, under 21 U.S.C. § 881(a)(6) and 18 U.S.C. 981(a)(1)(A).

WHEREFORE, the United States of America, Plaintiff, prays as follows:

A.    Due process issue to enforce the forfeiture of the Defendant Properties;

B.    Due notice be given to any interested party to appear and to show cause why the forfeiture should not be decreed;

C.    The Defendant Properties be condemned and be forfeited to the United States;

10

22

1

2    D.    That Plaintiff be awarded its costs and disbursements in this action and such other and

3    further relief as this Court deems proper and just; and,

4    E.    This Court enter other and further relief as it deems just and proper.

5    DATED this 23rd day of August, 2007.

6                                    Respectfully submitted,

7                                    RICHARD WEBER, CHIEF
                                     ASSET FORFEITURE AND
8                                    MONEY LAUNDERING SECTION

9

10                                   ROBERT STAPLETON, NY BAR #4076568
                                     LINDA M. SAMUEL, DC BAR #388970
11                                   U.S. Department of Justice
                                     Criminal Division
12                                   Asset Forfeiture and
                                      Money Laundering Section
13                                   1400 New York Avenue, N.W., Suite 10100
                                     Washington, D.C. 20530
14                                   (202) 514-1263

15                                   Attorneys for Plaintiff United States

16

17

18

19

20

21

22

23

24

25

26

## VERIFICATION

I, Adam Lambert, Special Agent, Drug Enforcement Administration, am the Agent assigned to this case.

I have read the contents of the foregoing Complaint for Forfeiture In Rem, and I declare and verify under penalty of perjury that the foregoing is true and correct.

DATED: _August 23, 2007_

_____
ADAM LAMBERT, Special Agent
Drug Enforcement Administration

24

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2569
    Facsimile:  (213) 894-7177
    E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$599,985.00 IN U.S. CURRENCY, $318,655.30 IN BANK FUNDS SEIZED FROM TWO BANK OF AMERICA ACCOUNTS AND ONE 2007 ROLLS ROYCE PHANTOM,<br><br>      Defendants.<br>_____<br><br>ZHENLI YE GON,<br><br>      Claimant.<br>_____ | No. CV 07-7194 GW(JCx)<br><br>[PROPOSED] ORDER VACATING FEBRUARY 21, 2008 SCHEDULING CONFERENCE AND TRANSFERRING THIS ACTION TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA |

1    Pursuant to the stipulation and request of the parties, and

2 good cause appearing therefor, IT IS HEREBY ORDERED that:

3    1.  The Scheduling Conference presently set for February 21,

4 2008 at 8:30 a.m. is vacated and taken off calendar; and

5    2.  This action is transferred to the United States District

6 Court for the District of Columbia.  The Clerk of this Court is

7 authorized to transfer all the pleadings and papers filed in this

8 action to the Clerk of the United States District Court for the

9 District of Columbia.

10 DATED: _____, 2008

11                                    _____
                                     THE HONORABLE GEORGE H. WU
12                                   United States District Judge

13 Presented by:

14 THOMAS P. O'BRIEN
   United States Attorney
15 CHRISTINE C. EWELL
   Assistant United States Attorney
16 Chief, Criminal Division
   STEVEN R. WELK
17 Assistant United States Attorney
   Chief, Asset Forfeiture Section

18

19

20 _____
   VICTOR A. RODGERS
21 Assistant United States Attorney

   Attorneys for Plaintiff
22 UNITED STATES OF AMERICA

23
   MARTIN McMAHON & ASSOCIATES
24

25 _____
26 LISA D. ANGELO

27 Attorneys for Claimant
   ZHENLI YE GON
28

                                  1

1    Pursuant to the stipulation and request of the parties, and

2   good cause appearing therefor, IT IS HEREBY ORDERED that:

3       1.   The Scheduling Conference presently set for February 21,

4   2008 at 8:30 a.m. is vacated and taken off calendar; and

5       2.   This action is transferred to the United States District

6   Court for the District of Columbia.  The Clerk of this Court is

7   authorized to transfer all the pleadings and papers filed in this

8   action to the Clerk of the United States District Court for the

9   District of Columbia.

10  DATED: _____, 2008

11                                    _____
                                      THE HONORABLE GEORGE H. WU
                                      United States District Judge

12

13  Presented by:

14  THOMAS P. O'BRIEN
    United States Attorney
15  CHRISTINE C. EWELL
    Assistant United States Attorney
16  Chief, Criminal Division
    STEVEN R. WELK
17  Assistant United States Attorney
    Chief, Asset Forfeiture Section

18

19  _Nick A. Rodgers_ (signature)

20  _____
    VICTOR A. RODGERS
    Assistant United States Attorney

21

22  Attorneys for Plaintiff
    UNITED STATES OF AMERICA

23

24  MARTIN McMAHON & ASSOCIATES

25

26  _____
    LISA D. ANGELO

27  Attorneys for Claimant
    ZHENLI YE GON

28

2

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

RECEIVED CLER
U.S. MARSHALS SERVICE #7

## PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF<br>United States of America | COURT CASE NUMBER<br>CV 07-7194 GW (JCx) |
|---|---|
| DEFENDANT<br>$599,985.00 in U.S. Currency, $318,655.30 in Bank Funds, et al. | TYPE OF PROCESS<br>Publication |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |

**FILED**

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

AUSA VICTOR RODGERS
U.S. COURTHOUSE
312 N. SPRING STREET, 14TH FLOOR
LOS ANGELES, CA 90012

| Number of process to be served with this Form 285 | |
|---|---|
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

2008 FEB -5 PM 2:02

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold                                                                                                    Fold

CATS ID No.: 07-DEA-482070, 07-DEA-482646, 07-DEA-484278, 07-DEA-486974, 07-DEA-486979

Please publish the defendants for three consecutive weeks.

Dennis Timmins (213) 621-7086

| Signature of Attorney other Originator requesting service on behalf of: | ☑ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>(213) 894-2569 | DATE<br>11/16/07 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin<br>No. 12 | District to Serve<br>No. 12 | Signature of Authorized USMS Deputy or Clerk | Date<br>11/21/07 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

| Name and title of individual served (*if not shown above*) | | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|---|
| Address (*complete only different than shown above*) | | Date<br>1/30/08 | Time<br>8:24 | ☑ am<br>☐ pm |
| | | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS: PUBLISHED ON FOLLOWING DATES 1/10/08, 1/17/08, 1/24/08

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00



07-DEA-482070

VH

**(When required)**
RECORDING REQUESTED BY AND MAIL TO:

## LOS ANGELES DAILY JOURNAL
~ SINCE 1888 ~

915 E FIRST ST, LOS ANGELES, CA 90012
Mailing Address:  P.O. Box 54026, Los Angeles, California 90054-0026
Telephone  (213) 229-5300 / Fax  (213) 229-5481

This space for filing stamp only
RECEIVED CDA
U.S. MARSHALS SERVICE

2008 JAN 25  PM 1: 14

2008 FEB -5  PM 2: 02
FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

ANH TU
USMS/ASSET FORFEITURE DIV
255 E TEMPLE ST #4128
LOS ANGELES, CA - 90012

DJ#: 1255858

# PROOF OF PUBLICATION

(2015.5 C.C.P.)

State of California        )
County of Los Angeles    ) ss

Notice Type:    USM3 - U S MARSHAL NOTICE

Ad Description: STO#37/CV07-07194GW(JCx), USA V. $599,985.00 IN US CURRENCY, $318,655.30 IN BANK FUNDS SEIZED FROM TWO BANK OF AMERICA ACCOUNTS & ONE 2007 ROLLS ROYCE PHANTOM

I am a citizen of the United States and a resident of the State of California; I am over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer and publisher of the LOS ANGELES DAILY JOURNAL, a newspaper published in the English language in the city of LOS ANGELES, county of LOS ANGELES, and adjudged a newspaper of general circulation as defined by the laws of the State of California by the Superior Court of the County of LOS ANGELES, State of California, under date 04/26/1954, Case No. 599,382.  That the notice, of which the annexed is a printed copy, has been published in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to-wit:

01/10/2008, 01/17/2008, 01/24/2008

Executed on: 01/24/2008
At Los Angeles, California

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

_____
Signature

NOTICE
No. CV07-07194 GW (JCx)
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA
WESTERN DIVISION
UNITED STATES OF AMERICA, Plaintiff,
v.
$599,985.00 IN U.S. CURRENCY,
$318,655.30 IN BANK FUNDS
SEIZED FROM TWO BANK OF
AMERICA ACCOUNTS AND ONE 2007
ROLLS ROYCE PHANTOM, Defendants.
In obedience to a Warrant of Arrest In
Rem to me directed, in the above-entitled
cause, I have, on the 11th day of
December, 2007, seized and taken into
my possession, the following described
defendants, to wit: $599,985.00 in U.S.
Currency, $318,655.30 in Bank Funds
seized from Two Bank of America
Accounts and One 2007 Rolls Royce
Phantom, for the cause set forth in the
Complaint, to wit: violation of federal laws,
now pending in the United States District
Court for the Central District of California,
at Los Angeles, California.
Amount demanded in the sum of $-0-,
plus interest and costs.
I HEREBY GIVE NOTICE to all persons
claiming the said described defendants or
knowing or having anything to say why
the same should not be condemned and
forfeited; that they file a verified Claim of
interest in or right against the property
pursuant to Rule G(5), Supplemental
Rules for Admiralty or Maritime Claims
and Asset Forfeiture Actions, with the
Clerk of the United States District Court,
at Los Angeles, within thirty (30) days
after final publication of this notice,
(unless direct notice providing for a
different deadline is given to a potential
claimant pursuant, to Rule G (5)(b) or
within such additional time as the court
may allow; and that all interested persons
should file verified Claims and Answers
within the time so fixed; otherwise, default
will be noted and forfeiture sought of the
interest in the defendants of any person
not so complying. If a party intends to
claim a maritime lien or other interest, and
intervene in this action under Federal
Rule of Civil Procedure 24, such
application must be made within the time
provided for the filing of a claim.
The government attorney responsible for
this litigation is Assistant United States
Attorney Victor A. Rodgers, 312 N. Spring
St., 14th Floor, Los Angeles, CA 90012;
(213) 894-2569. The custodian of the
defendant property is the U. S. Marshals
Service, Central District of California,
Asset Forfeiture Unit, 255 East Temple
Street, Suite 4128, Los Angeles, CA
90012; (213) 894-7904.
DATED: This 11th day of December,
2007.
ADAM N. TORRES
UNITED STATES MARSHAL
S/ Adam N. Torres
U.S. Marshal Representative
1/10, 1/17, 1/24/08
DJ-1255858#



